**Ex parte Grady MOFFETT.**

**No. 52635.**

Court of Criminal Appeals of Texas.

Oct. 20, 1976.

voking probation. If the order revoking probation is based on no evidence—rather than merely insufficient evidence—there is a violation of the due process clause of the United States Constitution and a collateral attack on the order of revocation would be proper. The pertinent facts to be considered follow.

On June 19, 1973, after the appellant entered a plea of guilty before a jury in Cause 73–CR–496, he was found guilty of the offense of robbery. The jury assessed punishment of imprisonment for 10 years and recommended that the appellant be granted probation; probation was granted by the court.

On June 20, 1973, the appellant, after entering a plea of guilty before the court in Cause 73–CR–620–B, was found guilty of the offense of robbery, which was committed on December 16, 1972. The court set punishment of imprisonment for 10 years, and the appellant was sentenced after he waived the time for filing of motions for new trial and in arrest of judgment.

A motion was then filed to revoke probation in Cause 73–CR–496. The sole ground for revocation alleged that "on or about the 20th day of June, A.D.1973 . . . the defendant was convicted of the felony offense of robbery by assault . . ." in Cause 73–CR–620–B. On June 20, 1973, the court revoked probation and sentenced the appellant, the sentences in both causes to be served concurrently. No appeals were taken either from the judgment of conviction in Cause 73–CR–620–B, the judgment when probation was granted in Cause 73–CR–496, or the order revoking probation in Cause 73–CR–496.

Ted Butler, Dist. Atty. and Douglas C. Young, Asst. Dist. Atty., San Antonio, Jim D. Vollers, State's Atty., David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

◼ This is a post conviction habeas corpus proceeding filed pursuant to the provisions of Article 11.07, V.A.C.C.P. in which the petitioner collaterally attacks an order re-

◼ The offense which resulted in the conviction in Cause 73–CR–620–B was committed prior to the conviction and the granting of probation in Cause 73–CR–496. The appellant argues that evidence of the commission of the offense which resulted in the conviction in Cause 73–CR–620–B, since it occurred before he was granted probation, could not be used to revoke probation in Cause 73–CR–496. With this contention we agree.

The condition of probation in Cause 73–CR–496 is that the probationer "neither commit nor be *convicted* of any offense against the laws of Texas . . ." The statutory condition of probation is that a probationer shall "[c]ommit no offense against the laws of this State or of any other State or of the United States." Article 42.12, Sec. 6 a, V.A.C.C.P. The appellant urges that the part of the condition imposed that provides the probationer not be *convicted* of any offense is unreasonable and void.[1]

All of the statutory conditions of probation require certain conduct of the probationer or prohibit certain conduct by the probationer following the granting of probation. The statutory conditions of probation contained in Article 42.12, Sec. 6, V.A.C.C.P., are:

"(a) Commit no offense against the laws of this State or of any other State or of the United States;

"(b) Avoid injurious or vicious habits;

"(c) Avoid persons or places of disreputable or harmful character;

"(d) Report to the probation officer as directed;

"(e) Permit the probation officer to visit him at his home or elsewhere;

"(f) Work faithfully at suitable employment as far as possible;

"(g) Remain within a specified place;

"(h) Pay his fine, if one be assessed, and all court costs whether a fine be assessed or not, in one or several sums, and make restitution or reparation in any sum that the court shall determine; and

"(i) Support his dependents."

The condition that the probationer not be *convicted* of an offense is not consonant with the statutory conditions because it is not dependent on the appellant's conduct following the granting of probation. This is in contrast with the statutory condition that the probationer *commit* no offense, which is dependent on his conduct after he was placed on probation. A conviction cannot be the ground for revocation of probation if that conviction is for an offense committed *before* the defendant was granted probation.

The trial court's interpretation of this non-statutory condition, that the appellant not be convicted of an offense, was unreasonable in the circumstances of this case. Since the conviction for which the court revoked probation was for an offense committed before the appellant was granted probation, the order of revocation is unsupported by any proper evidence. There being no evidence to support the order revoking probation, a violation of due process has been shown and the order is subject to collateral attack by habeas corpus.

■ Moreover, Article 42.12, Sec. 3a, V.A.C.C.P. provides that if probation is granted by a jury the court may impose only the statutory conditions of Article 42.12, Sec. 6, V.A.C.C.P.; *O'Neal v. State,* 421 S.W.2d 391 (Tex.Cr.App.1967). However, when probation is recommended by a jury the trial court may flesh out and make more specific and definite the statutory conditions of probation. *Flores v. State,* 513 S.W.2d 66 (Tex.Cr.App.1974). The condition of probation permitting revocation for conviction does not flesh out or make more specific and definite a statutory condition;[2] it departed from the statutory condition and imposed a distinctly separate condition as it was interpreted in this case.

The relief requested is granted. It is ordered that the order revoking probation be set aside.

---

1. In *Peach v. State,* 498 S.W.2d 192 (Tex.Cr.App.1973), this Court refused to discuss whether a non-statutory condition of probation was reasonable in light of the fact that the non-statutory condition was not the ground for revocation. Subsequently, in *Salinas v. State,* 514 S.W.2d 754 (Tex.Cr.App.1974), a non-statutory condition of probation imposing a 9:00 p. m. curfew was discussed and held to be reasonable.

2. A similar condition of probation that the probationer should not commit and be convicted of an offense against the laws of this state did not require proof of a conviction but only proof of the commission of the offense. *Hancock v. State,* 491 S.W.2d 139 (Tex.Cr.App.1973).

Opinion approved by the Court.

ONION, P. J., concurs in the result.