**Douglas Gene WOLFE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 56660.**

Court of Criminal Appeals of Texas.

Panel No. 3.

Jan. 25, 1978.

Rodney L. Poirot and Lawrence B. Mitchell, Dallas, for appellant.

Henry M. Wade, Dist. Atty., J. T. Langford, Kelly Loving and Jan E. Potts, Asst. Dist. Attys., Dallas, for the State.

Before ROBERTS, PHILLIPS and VOLLERS, JJ.

## OPINION

ROBERTS, Judge.

This is an appeal from an order of the court revoking the appellant's probation. The trial judge found that the appellant had violated one condition of his probation and sentenced the appellant to five years' confinement in the Texas Department of Corrections.

1. V.T.C.A., Penal Code, Section 28.03(a)(1).

2. The appellant also waived his right to appeal.

The appellant contends that the conviction upon which his probation was based is void. We affirm.

The appellant was indicted for the offense of criminal mischief [1] on February 14, 1977. The indictment alleged that the offense was committed on or about December 21, *1976.*

On April 7, 1977, the appellant waived a trial by jury and entered a plea of guilty before the court pursuant to Article 1.13, Vernon's Ann.C.C.P. See Article 1.15, Vernon's Ann.C.C.P.[2] The State introduced a stipulation, signed by the appellant, the appellant's attorney, the prosecutor, and the trial judge which stated, in pertinent part, that:

"I judicially confess that on the 21 day of Dec. [sic], *1977,* in Dallas County, Texas, I did knowingly and intentionally destroy an automobile window w/o the effective consent of Robert McMullin, the owner thereof, said damage amounting to more than $200.00 but less than $10,000, as charged in the indictment . . .."

The trial judge assessed the appellant a five-year probationary term.

One of the conditions of the appellant's probation was that he "(a) [c]ommit no offense against the laws of this state or any other state or the United States." On April 18, 1977, the State filed its motion to revoke and as grounds therefor alleged that the appellant had violated condition (a) of his probation by committing the offense of burglary of a habitation on April 8, 1977.

On July 20, 1977, a hearing was held on the State's motion to revoke.[3] The appellant pleaded true to the motion. The trial judge revoked the appellant's probation and sentenced the appellant to five years.

The appellant contends that his conviction for criminal mischief is void. The appellant asserts that the only evidence in the record to support the conviction for criminal mischief is his signed judicial confession,

3. At that time, the appellant also entered a plea of guilty to an indictment charging him with the April 8, 1977, burglary of a habitation. See *Wolfe v. State,* No. 56,661 (this day decided in an unpublished per curiam opinion).

that his judicial confession reveals that the offense was committed on December 21, 1977, but that the indictment, which was returned by the grand jury on February 14, 1977, shows that the offense was committed on December 21, 1976. Thus, since the State has the burden of proving that the offense was committed prior to the return of the indictment, *McDonald v. State,* 513 S.W.2d 44 (Tex.Cr.App.1974); *Glenn v. State,* 436 S.W.2d 344 (Tex.Cr.App.1969), the appellant contends that there is *no evidence* to support his conviction for criminal mischief.

Essentially, the appellant is collaterally attacking the sufficiency of the evidence. It is well established that the sufficiency of the evidence may not be collaterally attacked. *Owens v. State,* 540 S.W.2d 324 (Tex.Cr.App.1976); *Gaines v. State,* 501 S.W.2d 315 (Tex.Cr.App.1973). However, in *Ex Parte Moffett,* 542 S.W.2d 184 (Tex.Cr.App.1976), this Court created an exception to the rule prohibiting collateral attacks on the sufficiency of evidence. In *Moffett,* we permitted a collateral attack of an order revoking the defendant's probation where the revocation order was based on *no evidence.* We there held that since there was no evidence, not merely insufficient evidence, to support the order revoking probation, a violation of due process had been shown which justified collateral attack by habeas corpus. See also *Ex Parte Murchison,* 560 S.W.2d 654 (Tex.Cr.App.1978).

In the present case, the appellant asserts that there is *no evidence to support* his conviction for criminal mischief. The *record before us* supports the appellant's contention. The appellant's judicial confession does reflect that the offense was committed after the return of the indictment.[4]

However, the record before us does not contain a transcription of the court reporter's notes from the trial on the appellant's

plea of guilty to the charge of criminal mischief.[5] Without that transcription, we are unable to ascertain whether other evidence was introduced to support the appellant's conviction. We therefore hold that the appellant's contention does not fall within the purview of *Ex Parte Moffett,* supra, but is merely an impermissible attempt to collaterally attack the sufficiency of the evidence. Appellant's contention is overruled.

The judgment is affirmed.

---

4. Due to our disposition of this case, we find it unnecessary to decide whether the phrase " . . . as alleged in the indictment," contained in the judicial confession, cures the variance between the dates alleged in the confession *and* that alleged in the indictment.

5. See note 2, supra.