### Ex parte Nettie B. DANTZLER.

### No. 57612.

Court of Criminal Appeals of Texas,
Panel No. 1.

June 7, 1978.

Douglas H. Parks, Dallas, for appellant.

Before DOUGLAS, PHILLIPS and W. C. DAVIS, JJ.

OPINION

W. C. DAVIS, Judge.

This is an application for writ of habeas corpus, Art. 11.07, Vernon's Ann.C.C.P.

Petitioner was convicted on a guilty plea of two offenses of theft of property, $200 to $10,000, V.T.C.A., Penal Code, Section 31.03. On November 20, 1975, she was sentenced to two ten-year terms in the Texas Department of Corrections, probated for ten years in Causes F75–3559–JN and F–75–3282–JN. A motion to revoke probation, filed July 27, 1977, is pending in the 195th District Court.

The applicant alleges that she is entitled to relief as the District Court lacked jurisdiction and therefore the convictions are void. In support of her contention, she argues that Section 34 "Welfare Fraud" of the special Public Welfare Act statute, Article 695c controls over the general V.T.C.A., Penal Code, Section 31.03.

In his findings of fact and conclusions of law, the trial court stated that, "Nowhere in the court's records of these cases is there any evidence that the charges against petitioner were actually based on welfare fraud. The Court, however, after investi-

gating petitioner's cases has determined that petitioner's cases were, in fact, based on welfare fraud. : . . The Court finds that petitioner's case is governed by *Jones v. State*, 552 S.W.2d 836 (Tex.Cr.App. 1977) . . . and recommends the relief be granted." We agree.

The application for writ of habeas corpus is granted.

The judgments are reversed and the indictments dismissed.

En banc.

## OPINION

## ON COURT'S OWN MOTION FOR REHEARING

ROBERTS, Judge.

On original submission, the Court was confronted with the issue of whether the appellant's two convictions for theft of property pursuant to V.T.C.A., Penal Code, Section 31.03 [1] were void. The gist of the appellant's contention was that the offenses were, in reality, prosecutions for welfare fraud pursuant to Article 695c, Section 34, V.A.C.S.[2] which, under our decision in *Jones v. State*, 552 S.W.2d 836 (Tex.Cr.App.1977), could not be prosecuted as theft pursuant to V.T.C.A., Penal Code, Section 31.03. On original submission we noted our agreement with the following quotation from the trial judge's findings of fact and conclusions of law regarding the appellant's application for a writ of habeas corpus:

"Nowhere in the court's records of these cases is there any evidence that the charges against petitioner were actually based on welfare fraud. The Court, however, after investigating petitioner's cases has determined that petitioner's cases were, in fact, based on welfare fraud. . . . The Court finds that petitioner's case is governed by *Jones v. State*, 552 S.W.2d 836 (Tex.Cr.App.1977) . . and recommends the relief be granted."

However, on original submission we did not address the fact that the record before us does not contain a transcription of the court reporter's notes from the appellant's convictions. On the Court's own motion,[3] we have granted rehearing to consider the effect, if any, that the absence of the transcription of the court reporter's notes from the appellant's convictions will have on our original opinion.

The threshold question is whether this Court will consider the appellant's contention. Essentially, the appellant is asserting an evidentiary contention. That is, the appellant's contention is that the evidence adduced at the trials reveals that the prosecutions were for welfare fraud, not felony theft.

■ It is well established that the sufficiency of the evidence may not be collaterally attacked. *Owens v. State*, 540 S.W.2d 324 (Tex.Cr.App.1976); *Gaines v. State*, 501 S.W.2d 315 (Tex.Cr.App.1973). However, in *Ex parte Moffett*, 542 S.W.2d 184 (Tex.Cr. App.1976), we created an exception to the foregoing rule which prohibits collateral attacks on the sufficiency of the evidence. In *Moffett*, we allowed the defendant to col-

---

1. The indictment alleged an offense pursuant to V.T.C.A., Penal Code, Section 31.03(a)(2), (b)(1) and V.T.C.A., Penal Code, Section 31.-03(d)(4)(A).

2. Article 695c, Section 34, V.A.C.S., states:

"Sec. 34. Whoever obtains, or attempts to obtain, or aids or abets any person to obtain, by means of a wilfully false statement or representation or by impersonation, or by other fraudulent means:

(1) Assistance, services, or treatment to which he is not entitled;

(2) Assistance, services, or treatment greater than that to which he is justly entitled;

(3) Or, with intent to defraud, aids or abets in buying, or in any way disposing of the property of a recipient of assistance without the consent of the State Department, or whoever violates Section 32 or Section 33 of this Act, shall be deemed guilty of a misdemeanor, and upon conviction thereof, shall be fined any sum not more than One Hundred Dollars ($100) or be imprisoned for not less than six (6) months, nor more than two (2) years, or be both so fined and imprisoned."

3. See Article 44.34, Rule 12, Vernon's Ann.C. C.P. (Supp.1978).

laterally attack an order revoking the defendant's probation where the revocation order was based on *no evidence*. We there held that since there was no evidence, not merely insufficient evidence, to support the order revoking probation, the defendant's right to due process had been violated and that the violation of a defendant's right to due process justified collateral attack by habeas corpus.

Since our decision in *Moffett*, we have twice addressed the issue of whether a defendant's contentions fell within the purview of the exception to the general rule created in *Moffett*.

In *Ex parte Murchison*, 560 S.W.2d 654 (Tex.Cr.App.1978), the defendant was convicted of assault with intent to commit rape, enhanced by two prior felony convictions. On appeal, we dismissed the appeal.[4] In an application for writ of habeas corpus, the defendant contended that the State's proof of the first prior felony conviction *showed on its face* that the imposition of his sentence had been suspended and that he had been placed on probation. The defendant also contended that the *State did not offer proof* that his probation in the first prior felony conviction had been revoked and the execution of sentence imposed. Thus, the defendant contended that there was *no evidence* that the first prior felony conviction was final and therefore it could not be used for enhancement purposes. We there cited *Ex parte Moffett*, supra, and held that the defendant's no evidence contention was in fact grounded on an allegation that he was denied due process of law and that the finality of the first prior felony conviction used for enhancement was subject to collateral attack by habeas corpus. We further noted, however, that,

> "[T]he allegations contained in the petitioner's application for habeas corpus are supported by the record from the appeal of the conviction for assault with intent to commit rape." *Ex parte Murchison*, supra at 655.

Thus, it is clear that the availability of the record from the appeal of the conviction for assault with intent to commit rape, which contained a transcription of the court reporter's notes at the defendant's trial, was essential to our review of the defendant's contention. Of course, we expressed no indication of the effect, if any, that the *absence* of the record from the defendant's trial, including a transcription of the court reporter's notes, would have had on our determination that the appellant was advancing a *no evidence* contention as opposed to an insufficiency of the evidence contention.

However, shortly after our decision in *Ex parte Murchison*, we delivered our opinion in *Wolfe v. State*, 560 S.W.2d 686 (Tex.Cr.App.1978). In *Wolfe*, the defendant was convicted for criminal mischief. The defendant was given a five-year probationary term. The defendant's probation was subsequently revoked and he appealed that revocation. On appeal, the defendant contended that his conviction for criminal mischief was void. The defendant asserted that the only evidence in the record to support his conviction for criminal mischief was his signed judicial confession, that his judicial confession revealed that the offense was committed on December 21, 1977, but that the indictment, which was returned by the grand jury on February 4, 1977, showed that the offense had been committed on December 21, 1976. Thus, since the State is confronted with the burden of proving that the offense was committed prior to the *return of the indictment*,[5] the defendant contended that there was *no evidence* to support his conviction for criminal mischief.

We there noted that "[t]he *record before us* supports the appellant's contention" (emphasis in original). *Wolfe v. State*, supra at 688. However, we went on to state that:

> "[t]he record before us does not contain a transcription of the court reporter's notes

---

4. The appeal was dismissed by per curiam opinion delivered on April 24, 1974. See Cause No. 48,472. The dismissal was based on Articles 44.09 and 44.10, Vernon's Ann.C.C.P.

5. *McDonald v. State*, 513 S.W.2d 44 (Tex.Cr.App.1974); *Glenn v. State*, 436 S.W.2d 344 (Tex.Cr.App.1969).

from the trial on the appellant's plea of guilty to the charge of criminal mischief. Without that transcription, we are unable to ascertain whether other evidence was introduced to support the appellant's conviction. We therefore hold that the appellant's contention does not fall within the purview of *Ex Parte Moffett,* supra, but is merely an impermissible attempt to collaterally attack the sufficiency of the evidence. Appellant's contention is overruled." (Footnote omitted).

Thus, in *Wolfe,* the absence of the transcription of the court reporter's notes from the defendant's trial for criminal mischief defeated his *no evidence* contention because, without the transcription of the court reporter's notes, we could not ascertain what the evidence at trial, if any, demonstrated.

■ Applying the principles of *Moffett, Murchison,* and *Wolfe* to the present case, we note that the record before us *does not* contain a transcription of the court reporter's notes from the appellant's trials. Thus, we are unable to verify, from the records before us, that the appellant's convictions were, in fact, based on welfare fraud. Therefore, we hold that the appellant has not advanced a *no evidence* contention. Rather, as was the situation in *Wolfe,* the appellant's contention is merely an impermissible attempt to collaterally attack the sufficiency of the evidence. It is clear that our opinion on original submission was erroneous and we order it withdrawn.

The appellant's requested relief is denied.

It is so ordered.

En banc.

DOUGLAS, ODOM and DALLY, JJ., concur in the results.

VOLLERS, Judge, concurring.

The real question presented by this application for writ of habeas corpus is whether or not a conviction which is valid upon its face can be attacked by habeas corpus on the proposition that the prosecution should have been originally instituted under a special statute rather than a general statute.

It is appellant's contention that the prosecution should have been brought for welfare fraud under Article 695c, Section 34, V.A.C.S. instead of under the provision of Article 31.03, V.T.C.A., Penal Code.

It should be noted that the allegations in the indictment are sufficient to allege an offense under Section 31.03 of the Penal Code, and there is no suggestion that the evidence does not sustain those allegations. Therefore, the question presented here is not one of "no evidence" to sustain a collateral attack upon a conviction. See *Ex parte Moffett,* 542 S.W.2d 184. Since the attack made here by the petitioner is not upon the sufficiency of the evidence and does not suggest that there is no evidence to support the indictment under which he was convicted, the question of whether or not a statement of facts is presented along with the application is immaterial.

I concur in the result.