# NO. 12-07-00289-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *DUSTIN SHAWN MORRIS,*<br>*APPELLANT* | § | *APPEAL FROM THE 241ST* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

On September 15, 2005, Appellant, Dustin Shawn Morris, pleaded guilty to the offense of theft. The trial court deferred an adjudication of guilt and placed Appellant on community supervision. On June 26, 2007, the State filed its Application to Proceed to Final Adjudication alleging Appellant had violated the terms of his deferred adjudication community supervision in failing to report to his supervision officers for three months, in failing to pay court ordered financial obligations including restitution, and in failing to perform eight hours of community service each month for April, May, and June 2007. At the July 20, 2007 hearing held on the State's motion to adjudicate guilt, Appellant pleaded true to the allegations contained in the State's motion to adjudicate. After hearing the evidence, the trial court found the State's allegations to be true, adjudicated Appellant's guilt, and sentenced him to imprisonment for three years. In two issues, Appellant contends that there was legally and factually insufficient evidence to support his conviction for the underlying offense, and that the revocation of his probation is an injustice which we should address.

## JURISDICTION

The State contends this court lacks jurisdiction to entertain this appeal. Prior to June 15, 2007, a person on deferred adjudication community supervision could not appeal the trial court's decision to proceed with an adjudication of guilt. *See, e.g.,* **Phynes v. State**, 828 S.W.2d 1, 2 (Tex. Crim. App. 1992). Texas Code of Criminal Procedure article 42.12, section 5(b) expressly provided that "[n]o appeal may be taken from this determination. . . ." By amendment effective June 15, 2007, the language has been deleted providing that no appeal could be taken from the trial court's determination to proceed to adjudication. Act of May 28, 2007, 80th leg., R.S. ch. 1308, § 5, 2007 Tex. Gen. Laws 4395, 4397. Such a determination now "is reviewable in the same manner as a revocation hearing conducted under Section 21 of this article in a case in which an adjudication of guilt had not been deferred." TEX. CODE CRIM. PROC. ANN. art. 42.12 § 5(b) (Vernon Supp. 2008).

The State filed its application to proceed to an adjudication of guilt on June 26, 2007. Since the proceeding to revoke Appellant's community supervision commenced after the effective of date of the amendment allowing appeals, we conclude we have jurisdiction to entertain this appeal.

## SUFFICIENCY OF EVIDENCE OF UNDERLYING CONVICTION

In his first issue, Appellant contends that the evidence supporting his conviction for theft is legally insufficient. In his second issue he attacks the factual sufficiency of the evidence. On September 15, 2005, pursuant to a plea bargain, Appellant pleaded guilty to the offense of theft of more than $20,000 but less than $100,000. The trial court deferred its adjudication of guilt and placed Appellant on deferred adjudication community supervision for six years. Appellant did not appeal the trial court's order that placed him on deferred adjudication community supervision.

**Applicable Law**

In **Manuel v. State**, 994 S.W.2d 658, 661-62 (Tex. Crim. App. 1999), the court of criminal appeals held that a defendant must raise issues "relating to the original plea proceeding, including evidentiary sufficiency," in an appeal taken when deferred adjudication community supervision is first imposed. The rule pertaining to regular probation has long been that a defendant cannot ordinarily challenge the validity of the conviction underlying the probated sentence in a revocation proceeding or in an appeal from the revocation. **Whetstone v. State**, 786 S.W.2d 361, 363 (Tex.

Crim. App. 1990).

The court of criminal appeals reaffirmed and explained the void judgment exception to the general rule:

> [A] judgment is void only in very rare situations–usually due to a lack of jurisdiction . . . . A judgment of conviction for a crime is void when (1) the document purporting to be a charging instrument (i.e. indictment, information, or complaint) does not satisfy the constitutional requisites of a charging instrument, thus the trial court has no jurisdiction over the defendant, (2) the trial court lacks subject matter jurisdiction over the offense charged, such as when a misdemeanor involving official misconduct is tried in a county court at law, (3) the record reflects that there is no evidence to support the conviction, or (4) an indigent defendant is required to face criminal trial proceedings without appointed counsel, when such has not been waived . . . . While we hesitate to call this an exclusive list, it is very nearly so.
>
> Moreover, for a judgment to be void, the record must leave no question about the existence of the fundamental defect. If the record is incomplete, and the missing portion could conceivably show that the defect does not in fact exist, then the judgment is not void, even though the available portions of the record tend to support the existence of the defect.

*Nix v. State*, 65 S.W.3d 664, 668-69 (Tex. Crim. App. 2001). For the judgment to be void, there must be a complete lack of evidence to support the conviction, not merely insufficient evidence. *Wolfe v. State*, 560 S.W.2d 686, 688 (Tex. Crim. App. 1978). A guilty plea constitutes some evidence to support the conviction. *Ex parte Williams*, 703 S.W.2d 674, 682 (Tex. Crim. App. 1986).

**Discussion**

Because of the 2007 amendment, Appellant is entitled to appeal the trial court's determination to adjudicate his guilt, but our review is conducted in the same manner and subject to the same constraints as that of an appeal from the revocation of a probation in which an adjudication of guilt had not been deferred. TEX. CODE CRIM. PROC. ANN. art. 42.12 § 5(b). Appellant contends the evidence supporting his conviction for theft was legally insufficient because the State offered no evidence of his intent.

In the original proceeding, Appellant pleaded guilty and signed a written stipulation admitting that he had appropriated currency and checks from Dennis Rogers, the owner thereof, "with intent to deprive the owner of the property. . . ." Appellant testified at the revocation hearing and acknowledged taking his employer's money. Since the record on appeal contains no court

3

reporter's transcription of the original plea hearing, we must also assume that the record, if available, would support the judgment. *See Nix*, 64 S.W.3d at 669. The evidence is legally sufficient to support the conviction. Therefore, the judgment is not void. *See id.* at 668-69.

Appellant's challenge to the factual sufficiency of the evidence supporting the theft conviction cannot be raised on appeal from the revocation of community supervision. *See Wolfe*, 560 S.W.2d at 688.

Appellant's first issue is overruled.


## REVOCATION

In his second issue, Appellant contends that the revocation of his deferred adjudication community supervision is unjust.

The decision whether to revoke community supervision rests within the discretion of the trial court. *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984). The court's discretion, however, is not absolute and does not authorize the revocation of community supervision without evidence of a violation of one of the conditions imposed. *DeGay v. State*, 741 S.W.2d 445, 449 (Tex. Crim. App. 1987). The State must prove by a preponderance of the evidence that a condition of community supervision was violated. *Cardona*, 665 S.W.2d at 493. We apply an abuse of discretion standard in reviewing a revocation order. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006).

A plea of true to even one of State's allegations is sufficient to support a revocation of deferred adjudication community supervision. *See Watts v. State*, 645 S.W.2d 461, 463 (Tex. Crim. App. 1983) (holding that plea of true to one allegation is sufficient to support revocation of regular probation). In this case, Appellant pleaded true to all of the allegations contained in the State's application. He also testified at the revocation hearing and admitted the violations of the conditions of his community supervision alleged in the State's Application to Proceed to Final Adjudication. Appellant's pleas of true and his testimony at the hearing support the trial court's order revocation order. The trial court did not abuse its discretion by revoking Appellant's community supervision. Appellant's second issue is overruled.

## DISPOSITION

The judgment of the trial court is **_affirmed_**.


      BILL BASS     
Justice


Opinion delivered July 31, 2008.
*Panel consisted of Worthen, C.J., Hoyle, J., and Bass, Retired Justice, Twelfth Court of Appeals, Tyler, sitting by assignment.*


(DO NOT PUBLISH)


5