NO. 12-07-00289-CR



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


DUSTIN SHAWN MORRIS,
§
 APPEAL FROM THE 241ST

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 SMITH COUNTY, TEXAS

 

MEMORANDUM OPINION


 On September 15, 2005, Appellant, Dustin Shawn Morris, pleaded guilty to the offense of
theft. The trial court deferred an adjudication of guilt and placed Appellant on community
supervision. On June 26, 2007, the State filed its Application to Proceed to Final Adjudication
alleging Appellant had violated the terms of his deferred adjudication community supervision in
failing to report to his supervision officers for three months, in failing to pay court ordered financial
obligations including restitution, and in failing to perform eight hours of community service each
month for April, May, and June 2007. At the July 20, 2007 hearing held on the State's motion to
adjudicate guilt, Appellant pleaded true to the allegations contained in the State's motion to
adjudicate. After hearing the evidence, the trial court found the State's allegations to be true,
adjudicated Appellant's guilt, and sentenced him to imprisonment for three years. In two issues,
Appellant contends that there was legally and factually insufficient evidence to support his
conviction for the underlying offense, and that the revocation of his probation is an injustice which
we should address.



Jurisdiction


 The State contends this court lacks jurisdiction to entertain this appeal. Prior to June 15,
2007, a person on deferred adjudication community supervision could not appeal the trial court's
decision to proceed with an adjudication of guilt. See, e.g., Phynes v. State, 828 S.W.2d 1, 2 (Tex.
Crim. App. 1992). Texas Code of Criminal Procedure article 42.12, section 5(b) expressly provided
that "[n]o appeal may be taken from this determination. . . ." By amendment effective June 15, 2007,
the language has been deleted providing that no appeal could be taken from the trial court's
determination to proceed to adjudication. Act of May 28, 2007, 80th leg., R.S. ch. 1308, § 5, 2007
Tex. Gen. Laws 4395, 4397. Such a determination now "is reviewable in the same manner as a
revocation hearing conducted under Section 21 of this article in a case in which an adjudication of
guilt had not been deferred." Tex. Code Crim. Proc. Ann. art. 42.12 § 5(b) (Vernon Supp. 2008).

 The State filed its application to proceed to an adjudication of guilt on June 26, 2007. Since
the proceeding to revoke Appellant's community supervision commenced after the effective of date
of the amendment allowing appeals, we conclude we have jurisdiction to entertain this appeal.

 

Sufficiency of Evidence of Underlying Conviction


 In his first issue, Appellant contends that the evidence supporting his conviction for theft is
legally insufficient. In his second issue he attacks the factual sufficiency of the evidence. On
September 15, 2005, pursuant to a plea bargain, Appellant pleaded guilty to the offense of theft of
more than $20,000 but less than $100,000. The trial court deferred its adjudication of guilt and
placed Appellant on deferred adjudication community supervision for six years. Appellant did not
appeal the trial court's order that placed him on deferred adjudication community supervision.

Applicable Law

 In Manuel v. State, 994 S.W.2d 658, 661-62 (Tex. Crim. App. 1999), the court of criminal
appeals held that a defendant must raise issues "relating to the original plea proceeding, including
evidentiary sufficiency," in an appeal taken when deferred adjudication community supervision is
first imposed. The rule pertaining to regular probation has long been that a defendant cannot
ordinarily challenge the validity of the conviction underlying the probated sentence in a revocation
proceeding or in an appeal from the revocation. Whetstone v. State, 786 S.W.2d 361, 363 (Tex.
Crim. App. 1990).

 The court of criminal appeals reaffirmed and explained the void judgment exception to the
general rule:


 [A] judgment is void only in very rare situations-usually due to a lack of jurisdiction . . . . A judgment
of conviction for a crime is void when (1) the document purporting to be a charging instrument (i.e.
indictment, information, or complaint) does not satisfy the constitutional requisites of a charging
instrument, thus the trial court has no jurisdiction over the defendant, (2) the trial court lacks subject
matter jurisdiction over the offense charged, such as when a misdemeanor involving official
misconduct is tried in a county court at law, (3) the record reflects that there is no evidence to support
the conviction, or (4) an indigent defendant is required to face criminal trial proceedings without
appointed counsel, when such has not been waived . . . . While we hesitate to call this an exclusive list,
it is very nearly so.


 Moreover, for a judgment to be void, the record must leave no question about the existence
of the fundamental defect. If the record is incomplete, and the missing portion could conceivably
show that the defect does not in fact exist, then the judgment is not void, even though the available
portions of the record tend to support the existence of the defect.



Nix v. State, 65 S.W.3d 664, 668-69 (Tex. Crim. App. 2001). For the judgment to be void, there
must be a complete lack of evidence to support the conviction, not merely insufficient evidence. 
Wolfe v. State, 560 S.W.2d 686, 688 (Tex. Crim. App. 1978). A guilty plea constitutes some
evidence to support the conviction. Ex parte Williams, 703 S.W.2d 674, 682 (Tex. Crim. App.
1986).

Discussion

 Because of the 2007 amendment, Appellant is entitled to appeal the trial court's
determination to adjudicate his guilt, but our review is conducted in the same manner and subject
to the same constraints as that of an appeal from the revocation of a probation in which an
adjudication of guilt had not been deferred. Tex. Code Crim. Proc. Ann. art. 42.12 § 5(b).
Appellant contends the evidence supporting his conviction for theft was legally insufficient because
the State offered no evidence of his intent.

 In the original proceeding, Appellant pleaded guilty and signed a written stipulation
admitting that he had appropriated currency and checks from Dennis Rogers, the owner thereof,
"with intent to deprive the owner of the property. . . ." Appellant testified at the revocation hearing
and acknowledged taking his employer's money. Since the record on appeal contains no court
reporter's transcription of the original plea hearing, we must also assume that the record, if available,
would support the judgment. See Nix, 64 S.W.3d at 669. The evidence is legally sufficient to
support the conviction. Therefore, the judgment is not void. See id. at 668-69. 

 Appellant's challenge to the factual sufficiency of the evidence supporting the theft
conviction cannot be raised on appeal from the revocation of community supervision. See Wolfe,
560 S.W.2d at 688. 

 Appellant's first issue is overruled.


Revocation


 In his second issue, Appellant contends that the revocation of his deferred adjudication
community supervision is unjust.

 The decision whether to revoke community supervision rests within the discretion of the trial
court. Cardona v. State, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984). The court's discretion,
however, is not absolute and does not authorize the revocation of community supervision without
evidence of a violation of one of the conditions imposed. DeGay v. State, 741 S.W.2d 445, 449
(Tex. Crim. App. 1987). The State must prove by a preponderance of the evidence that a condition
of community supervision was violated. Cardona, 665 S.W.2d at 493. We apply an abuse of
discretion standard in reviewing a revocation order. Rickels v. State, 202 S.W.3d 759, 763 (Tex.
Crim. App. 2006). 

 A plea of true to even one of State's allegations is sufficient to support a revocation of
deferred adjudication community supervision. See Watts v. State, 645 S.W.2d 461, 463 (Tex. Crim.
App. 1983) (holding that plea of true to one allegation is sufficient to support revocation of regular
probation). In this case, Appellant pleaded true to all of the allegations contained in the State's
application. He also testified at the revocation hearing and admitted the violations of the conditions
of his community supervision alleged in the State's Application to Proceed to Final Adjudication.
Appellant's pleas of true and his testimony at the hearing support the trial court's order revocation
order. The trial court did not abuse its discretion by revoking Appellant's community supervision. 

Appellant's second issue is overruled.


Disposition


 The judgment of the trial court is affirmed.




 BILL BASS 

 Justice





Opinion delivered July 31, 2008.

Panel consisted of Worthen, C.J., Hoyle, J., and Bass, Retired Justice, Twelfth Court of Appeals, Tyler, sitting by assignment.

























(DO NOT PUBLISH)