

# IN THE
# TENTH COURT OF APPEALS

## No. 10-18-00262-CR

**MIKAEL DEANDRE BUSBY,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the 77th District Court**
**Limestone County, Texas**
**Trial Court No. 14163-A**

## O P I N I O N

In one issue, appellant, Mikael Deandre Busby, challenges his conviction for felony

assault family violence. *See* TEX. PENAL CODE ANN. § 22.01(b)(2)(A). Specifically, Busby

contends that the evidence supporting his conviction in this case is insufficient because

trial evidence showed that he is "actually innocent" of the underlying misdemeanor

assault family violence allegation. We affirm.

In the instant case, Busby was charged with assault family violence under section 22.01(a)(1), which was enhanced by his prior conviction for assault family violence under section 22.01(b)(2)(A). *See* TEX. PENAL CODE ANN. § 22.01(a)(1), (b)(2)(A). Section 22.01(a)(1) of the Texas Penal Code provides that a person commits the offense of assault if he "intentionally, knowingly, or recklessly causes bodily injury to another, including the person's spouse." *Id.* § 22.01(a)(1). An offense under subsection (a)(1) may be enhanced from a Class A misdemeanor to a third-degree felony if the offense is committed against,

> a person whose relationship to or association with the defendant is described by Section 71.0021(b), 71.003, or 71.005 of the Family Code, if:
>
> > (A) it is shown on the trial of the offense that the defendant has been previously convicted of an offense under this chapter, Chapter 19, or Section 20.03, 20.04, 21.11, or 25.11 against a person whose relationship to or association with the defendant is described by Section 71.0021(b), 71.003, or 71.005 of the Family Code.

*Id.* § 22.01(b)(2)(A); *see Simmons v. State*, 590 S.W.3d 702, 708-09 (Tex. App.—Waco 2019, pet. filed).

On appeal, Busby focuses on the section 22.01(b)(2)(A) enhancement element regarding his prior conviction for misdemeanor assault family violence.[1] At trial, the State presented a certified copy of Busby's prior judgment for Class A misdemeanor

---

[1] The sufficiency of the evidence to prove the other elements of the offense is not challenged on appeal.

assault family violence, dated September 14, 2016, in cause number 38166. The judgment indicated that Busby pleaded guilty to the charged offense. Busby did not object to the admission of this evidence. Furthermore, the State offered the testimony of Murray Agnew, a fingerprint expert and Chief Deputy of the Limestone County Sheriff's Office, to show that Busby's fingerprint matches the fingerprint on the 2016 judgment. Additionally, the State presented certified copies of the complaint, information, and waiver of rights in the 2016 case. This is sufficient evidence to prove the element of a prior conviction involving assault family violence to enhance the charged offense in this case to a third-degree felony. *See Reyes v. State*, 314 S.W.3d 74, 81-82 (Tex. App.—San Antonio 2010, no pet.); *see also Tanner v. State*, 335 S.W.3d 784, 786 (Tex. App.—Amarillo 2011, no pet.) (citing *Vaughn v. State*, No. 06-06-0040-CR, 2007 Tex. App. LEXIS 3608, at **6-7 (Tex. App.—Texarkana May 11, 2007, no pet.) (mem. op., not designated for publication)).

However, despite the foregoing, Busby directs us to testimony from the complainant, A.B., who testified that the 2016 incident involved her hitting Busby when he started cussing at her. A.B. further noted that she continued to hit Busby until Busby turned around and shoved her to the ground, allegedly causing no bodily injury to A.B.[2] Ostensibly, what Busby attempts to do on appeal is collaterally attack the sufficiency of

---

[2] It is worth noting that A.B. admitted that Busby, on several occasions, entreated her to sign an affidavit of non-prosecution in this case and to lie about the allegations to minimize his culpability.

the evidence supporting his 2016 conviction for misdemeanor assault family violence—an offense to which he pleaded guilty.

Appellant may collaterally attack a prior conviction alleged for enhancement **_only_** if the earlier conviction is void or tainted by a severe constitutional defect. *Galloway v. State*, 578 S.W.2d 142, 143 (Tex. Crim. App. [Panel Op.] 1979). However, the Court of Criminal Appeals has held that "the *sufficiency of the evidence may not be collaterally attacked.*" *Wolfe v. State*, 560 S.W.2d 686, 688 (Tex. Crim. App. 1978) (emphasis added); *see Ex parte Williams*, 703 S.W.2d 674, 677 (Tex. Crim. App. 1986).

For a collateral attack based on the void-judgment exception, the record must show a complete lack of evidence to support the conviction, not merely insufficient evidence. *See Nix v. State*, 65 S.W.3d 664, 668 n.14 (Tex. Crim. App. 2001); *see also Wolfe*, 560 S.W.2d at 688. Appellant's guilty plea constitutes some evidence to support his 2016 conviction for misdemeanor assault family violence. *See Nix*, 65 S.W.3d at 668 n.14; *see also Ex parte Williams*, 703 S.W.2d at 682 ("The entry of a valid plea of guilty has the effect of admitting all material facts alleged in the formal criminal charge. A plea of guilty waives all nonjurisdictional defenses including contention as to the insufficiency of the evidence." (internal citations omitted)). Therefore, Busby's complaint does not raise the void-judgment exception, and he may not now challenge the sufficiency of the evidence as to his 2016 conviction by way of his appeal of his conviction for felony assault family

violence.[3]  *See id.*; *see also Ex parte Williams*, 703 S.W.2d at 677; *Galloway*, 578 S.W.2d at 143; *Wolfe*, 560 S.W.2d at 688.  Moreover, viewing the evidence in the light most favorable to the jury's verdict, we conclude that there is sufficient evidence to support Busby's conviction in this case for felony assault family violence.  *See* TEX. PENAL CODE ANN. § (b)(2)(A); *see also Zuniga v. State*, 551 S.W.3d 729, 732-33 (Tex. Crim. App. 2018) (stating the standard of review for challenges to the sufficiency of the evidence supporting a conviction).  Accordingly, we overrule Busby's sole issue on appeal.

We affirm the judgment of the trial court.


JOHN E. NEILL
Justice

---

[3] In further support of our conclusion, Texas courts have held that when a defendant enters into a plea-bargain agreement, he gains and accepts a bargained-for benefit that estops him from later challenging the trial court's authority.  *See Ex parte Williams*, 65 S.W.3d 656, 660 (Tex. Crim. App. 2001) (Keller, J., concurring); *Mapes v. State*, 187 S.W.3d 655, 662-63 (Tex. App.—Houston [14th Dist.] 2006, pet. ref'd) ("In answering the question of whether any error capable of rendering a judgment or sentence void can be subject to estoppel, Justice Keller asserted that all errors except for subject matter jurisdiction are subject to estoppel and concluded that by accepting the plea agreement, appellant gained a bargained-for benefit that should now estop him from challenging the trial court's authority.  Although *Williams* also involved an unauthorized grant of probation, because the issue in the present case is whether appellant is estopped from complaining about the void 2001 conviction because he enjoyed the benefit of that sentence pursuant to a plea bargain, we find Justice Keller's analysis to be more instructive than the court's decision in *Fullbright*." (internal citations & quotations omitted)); *see also Rhodes v. State*, 240 S.W.3d 882, 892 (Tex. Crim. App. 2007) ("A defendant who has enjoyed the benefits of an agreed judgment prescribing a too-lenient punishment should not be permitted to collaterally attack that judgment on a later date on the basis of that illegal leniency. . . .  Had he complained about the illegal leniency at the time of trial or even on direct appeal, the State could likely have obtained a legal judgment that would not be available for enhancement purposes.  But instead, appellant quietly enjoyed the benefits of the illegally lenient judgment, challenging it now only because, due to his own subsequent criminal conduct, the judgment can be used to enhance his punishment for a new offense.  If he agreed to the concurrent sentencing provision, then through his own conduct he helped procure and benefit from the illegality and he should not now be allowed to complain." (internal citation omitted)).

Before Chief Justice Gray,
      Justice Neill,
      and Justice Johnson
(Chief Justice Gray concurring)
Affirmed
Opinion delivered and filed March 3, 2021
Publish
[CR25]

