**Affirmed and Dismissed w.o.j. and Opinion Filed March 10, 2022**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-21-00364-CR**

**No. 05-21-00365-CR**

## EX PARTE: AUSTIN RUCKER

**On Appeal from Criminal District Court No. 7**
**Dallas County, Texas**
**Trial Court Cause Nos. WX21-90235-Y & W10-71844-Y(A)**

## MEMORANDUM OPINION
Before Justices Myers, Partida-Kipness, and Carlyle
Opinion by Justice Myers

This is an appeal from the denial of two article 11.09 post-conviction applications for writ of habeas corpus, the first[1] filed on November 9, 2020, and the subsequent application[2] filed on January 27, 2021. In two issues, Rucker contends (1) the trial court abused its discretion by denying the writ application without prior notice to the parties; and (2) the trial court abused its discretion in denying relief. In a cross-point, the State argues we lack jurisdiction over the appeal from the denial of the first application, cause 00365-CR. We sustain the State's cross-point, dismiss

---

[1] No. 05-21-00365-CR; Writ No. W10-71844-Y(A).

[2] No. 05-21-00364-CR; Writ No. WX21-90235-Y.

the appeal in 00365-CR for lack of jurisdiction, and affirm the trial court's order denying the subsequent application in 00364-CR.

## BACKGROUND AND PROCEDURAL HISTORY

Rucker filed his first application for an article 11.09 writ of habeas corpus on November 9, 2020, approximately nine years after he was convicted in January 2011 of class A misdemeanor assault, based on a plea of nolo contendere. Rucker alleged in his application the judgment is void "[b]ecause there is no evidence of the plea bargain nor a judicial confession supporting a guilty plea." He further alleged that he continues to suffer collateral consequences from his conviction "in that he cannot possess a firearm or ammunition." The State asserted in its response that (1) Rucker was not confined or restrained by his misdemeanor conviction; (2) his complaint was barred by laches; (3) his complaint is not preserved; (4) his complaint is not cognizable; and (5) his conviction is valid. In addition to other documents, the State attached a copy of the plea agreement signed by Rucker's trial counsel,[3] the prosecutor, and the trial court as an exhibit to the State's response.

On December 15, 2020, the trial court signed an order stating that "[a]pplicant's complaints are without merit and [he] is not entitled to relief," and denying Rucker's application by written order without a hearing. The trial court's order directed the clerk of the court to send a copy of the order to Rucker's attorney

---

[3] Attorney Melvin Bruder, who represented Rucker in the criminal case, died on December 18, 2016.

–2–

of record, Allan Fishburn, and to counsel for the State, but there is nothing in the record showing when or if a copy of the order was sent to the parties as directed.

Rucker filed a subsequent application for a writ of habeas corpus challenging his conviction on January 27, 2021. This application does not purport to be an amended application and it does not reference the prior application. Rucker alleged in the subsequent application that the judgment was void "[b]ecause there is no evidence of a plea bargain nor a judicial confession supporting a guilty plea." He further alleged he is restrained in his liberty and suffers collateral consequences related to his conviction in the following two respects:

> Applicant is a student at Southern Methodist University. Prior to sitting for the bar exam determination of Applicant's "character and fitness" will be made by the Texas Board of Law Examiners pursuant to Rule 10. Applicant may be denied permission to take the examination pursuant to findings made under Rule 4, See, Tex. Board Law Exam. Rules 4 and 10, December 1, 2019.

> Applicant's conviction could be used to enhance punishment in other cases.

In its response, the State argued Rucker's complaint is barred by laches, not preserved, not cognizable, and that his conviction is valid.

On April 27, 2021, the day of the scheduled hearing, the trial court signed a written order denying the subsequent application. In the order denying relief, the court stated in part:

> On this Date, the Court considered the Applicant's Application for a Writ of Habeas Corpus pursuant to Texas Code of Criminal Procedure Article 11.09.

> This is Applicant's second application for a writ of habeas corpus in cause number F10-71844-Y. The Court denied Applicant's first application on December 15, 2020. Applicant alleged the same ground for relief in his first application as he has alleged in his second application. The Court previously considered Applicant's claims and entered an order finding Applicant is not entitled to relief and denied Applicant's application. Therefore, it is the Order of this Court that Applicant's second application is **DENIED**.

Rucker did not file a motion for reconsideration or motion for new trial challenging the court's order denying the subsequent application. But Rucker's attorney sent the trial court clerk an email complaining about the cancelation of the hearing, stating that the purpose of the hearing was to make a record of (1) the court denying the first writ "without a hearing and[ ] without notice to the parties," and (2) the fact that the December 15, 2020, order "was done without ever notifying the parties." Rucker's attorney argued that because he did not receive notice of the order denying relief from the first writ, his time for filing a notice of appeal had expired, and the purpose of the hearing on the second writ "was so I could make a record for a motion for an out of time appeal." Rucker's attorney provided the district clerk with a copy of the email and instructed the clerk to include the email in the clerk's record.

On May 10, 2021, approximately thirteen days after the trial court signed the order denying the subsequent application, Rucker filed a notice of appeal.

## DISCUSSION

### I. First Habeas Application

–4–

We begin with the State's cross-point, which argues we have no jurisdiction to consider the appeal in 00365-CR from the trial court's first order denying relief.

The trial court signed the first order denying relief, cause 00365-CR (W10-71844-Y(A)), on December 15, 2020. Thus, Rucker's deadline for filing the notice of appeal without an extension of time was January 14, 2021. *See* TEX. R. APP. P. 26.2(a)(1). Rucker did not file a motion to extend the time for filing the notice of appeal; he filed a subsequent application for a writ of habeas corpus on January 27, 2021, which is addressed below. *See* TEX. R. APP. P. 26.3 ("Extension of Time."). Rucker's May 10, 2021, notice of appeal was filed approximately five months after the court signed the first order denying relief.

The State argues this notice of appeal is untimely to perfect an appeal in 00365-CR, and we agree. It was not filed within the prescribed time and there was no motion to extend the time to file. In the absence of a timely perfected notice of appeal, we must dismiss the appeal. *Ex parte Castillo*, 369 S.W.3d 196, 198 (Tex. Crim. App. 2012); *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998). Therefore, we sustain the State's cross-point and dismiss the appeal in cause 00365-CR (W10-71844-Y(A)) for lack of jurisdiction.

## II. Subsequent Habeas Application

Turning to the appeal from the trial court's order denying his subsequent application, cause 00364-CR (WX21-90235-Y), Rucker brings two points of error. In his first point, he argues the trial court abused its discretion by denying the writ

application without prior notice to the parties, and in his second point he contends the trial court abused its discretion by denying relief.

Rucker alleges the misdemeanor judgment of conviction is void because there is no evidence of the plea bargain nor a judicial confession supporting the plea. Rucker points out that the plea agreement in the record describes the offense as "Assault Class A," but under the admonitions on page two it states Rucker was charged with a Class C misdemeanor. Rucker also asserts that the caption and style are blank on the "State's Motion to Reduce the Offense Charged," and that the document in the record titled "Judicial Confession" also has no caption and style, nor is it signed by Rucker or his attorney. The State replies in part that Rucker's void judgment claim is unsupportable on appeal.

When reviewing a trial court's ruling in an article 11.09 application for writ of habeas corpus, we view the evidence in the record in the light most favorable to the court's ruling and uphold that ruling absent an abuse of discretion. *Diamond v. State*, 613 S.W.3d 536, 544 (Tex. Crim. App, 2020). We afford almost total deference to the court's factual findings when they are supported by the record, especially when they are based on credibility and demeanor. *Id*. This degree of deference also applies to any implied findings and conclusions supported by the record. *Id*. But if the resolution of the ultimate question turns only on the application of legal standards, we review those determinations de novo. *Id*. We will uphold the court's ruling if it is correct under any theory of applicable law. *Id*. at 544–45.

Article 27.14(a) of the Code of Criminal Procedure authorizes a trial court in a misdemeanor case to accept a plea of guilty or nolo contendere "made either by the defendant or his counsel in open court" and to assess punishment "either upon or without evidence, at the discretion of the court." *See* TEX. CODE CRIM. PROC. art. 27.14(a); *Ex parte Desai*, No. 10-18-00031-CR, 2018 WL 2142745, at *2 (Tex. App.—Waco May 9, 2018, no pet.) (mem. op., not designated for publication) (trial court was authorized under article 27.14(a) to accept Desai's misdemeanor plea and assess punishment without consideration of any evidence).

A defendant convicted of a misdemeanor offense may attack the validity of his conviction by way of habeas corpus if he is either (1) confined or restrained as a result of a misdemeanor charge or conviction, or (2) is no longer confined, but is subject to collateral legal consequences resulting from the conviction. *State v. Collazo*, 264 S.W.3d 121, 125–26 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd). A challenge to the sufficiency of the evidence is not cognizable by way of an application for writ of habeas corpus; only where the judgment is void because there was no evidence to support the judgment, has a violation of due process been shown that justifies collateral attack. *Ex parte Cantrell*, 112 S.W.3d 753, 754 (Tex. App.—Beaumont 2003, pet. ref'd); *see Ex parte Grigsby*, 137 S.W.3d 673, 674 (Tex. Crim. App. 2004). However,

> [F]or a judgment to be void, the record must leave no question about the existence of the fundamental defect. If the record is incomplete, and the missing portion could conceivably show that the defect does not in

> fact exist, then the judgment is not void, even though the available portions of the record tend to support the existence of the defect.

*Nix v. State*, 65 S.W.3d 664, 668–69 (Tex. Crim. App. 2001), *abrogated on other grounds by Wright v. State*, 506 S.W.3d 478, 481–82 (Tex. Crim. App. 2016). An applicant for a writ of habeas corpus bears the burden of proving his allegations by a preponderance of the evidence. *Collazo*, 264 S.W.3d at 126; *see Ex Parte Thomas*, 906 S.W.2d 22, 24 (Tex. Crim. App. 1995).

The record shows that a grand jury indicted Rucker for the offense of felony stalking on January 27, 2010. On January 21, 2011, according to the trial court's docket sheet, the court granted the State's motion to reduce the charge to a class A misdemeanor assault. On that same day, Rucker's trial counsel, the prosecutor, and the trial court signed a plea agreement stating that Rucker was pleading nolo contendere to the reduced charge. The plea agreement reflects Rucker's plea, his election not to testify, and the State's recommendation of time served. On the second page of the plea agreement, in the court's admonitions to the defendant, it identifies the punishment range for the offense as "Class C Misdemeanor." On the first page, however, the offense is identified as "Assault Class A," with the letter "C" crossed out and an "A" written in. The degree of offense is identified as "Class A M." The agreement also shows the agreed sentence of three days' confinement in the county jail, time served, a $100 fine, and Rucker's waiver of a court reporter. The statements and waivers section of the agreement includes the following statement:

> I admit and judicially confess that I committed the offense of <u>Assault</u> on \_\_\_\_\_ exactly as alleged in the charging instrument. I affirm that my plea and judicial confession are freely and voluntarily made, and not influenced by consideration of fear, persuasion, or delusive hope of pardon or parole.

The signatures and acknowledgments section includes (1) Rucker's printed name, but not his signature; (2) defense counsel's printed name, signature, and State Bar Number; (3) the prosecutor's printed name, signature, and State Bar Number; and (4) the trial judge's printed name and signature. A handwritten date of "1/21/11" appears to the left of the prosecutor's signature, and a date-stamp of "JAN 21, 2011" appears to the left of the trial judge's signature.

The clerk's record includes the final judgment of conviction, which states that it was entered on January 21, 2011, and that Rucker was convicted of assault. It states that the degree of offense was a class A misdemeanor, that Rucker pleaded guilty, and that the punishment was three days in the county jail and a $100 fine.

The clerk's record also includes the trial court's certification of defendant's right to appeal, dated January 21, 2011, which is signed by the defendant, defense counsel, and the trial judge. Furthermore, the judgment certificate of thumbprint, dated January 21, 2011, is signed by the bailiff/deputy sheriff and the trial court, and it certifies that the affixed fingerprints of the defendant in cause F10-71844-Y (the trial court case number in the criminal case) were taken at the time of disposition of the case. Additionally, the trial court's January 21, 2011, docket sheet shows the indicted offense of "STALKING/FEL" marked through, and written in are the

notations "Class 'A' misd[,] Assault[,] 22.01 P/C[,] 032710."  The disposition entry reads as follows:

> Jury and arraignment waived. Plea of . . . nolo contendere. Defendant admonished. Evidence presented. Defendant was found guilty of <u>Class A assault</u>, as . . . included in the indictment . . . and sentenced to <u>3</u> days . . . confinement . . . in the county . . . jail . . . . A fine of <u>$100.00</u> was assessed. Defendant was credited with back-time.

The lower margin of the docket sheet contains the following handwritten notations: "PGFR-JG; 3 days County Jail; BT: 4/27/10—4/27/10; Mtn to Reduce Granted; cc$367; fine $100."

Rucker contends that the judgment of conviction is void, yet judgments are void only in very rare situations—usually due to the trial court's lack of jurisdiction. *Nix*, 65 S.W.3d at 668; *Flores v. State*, No. 01-10-00531-CR, 2013 WL 709100, at *10 (Tex. App.—Houston [1st Dist.] 2013, pet. ref'd) (mem. op., not designated for publication).  The list of situations in which a judgment of conviction is void includes those in which the record reflects that there is no evidence to support the conviction. *Nix*, 65 S.W.3d at 668; *Flores*, 2013 WL 709100, at *10; *see also Wolfe v. State*, 560 S.W.2d 686, 688 (Tex. Crim. App. 1978).  For the judgment to be void, however, the record must show a complete lack of evidence to support the conviction, not merely insufficient evidence. *Nix*, 65 S.W.3d at 668 n.14; *Wolfe*, 560 S.W.2d at 688. And a guilty plea constitutes some evidence for this purpose. *Nix*, 65 S.W.3d at 668 n.14; *Ex Parte Williams*, 703 S.W.2d 674, 682 (Tex. Crim. App. 1986).

As for Rucker's contentions, the omission of the style and caption of the case

in the State's motion to reduce the charged offense does not negate the fact that the trial court granted the State's motion and sentenced Rucker on the lesser charge. Likewise, the fact that neither Rucker nor his attorney signed "SX#1," titled "JUDICIAL CONFESSION," an uncaptioned and unstyled document in the clerk's record, is not dispositive because, as we indicated earlier, a trial court may find a person guilty in a misdemeanor proceeding upon his plea of guilty or no contest with or without evidence. *See* TEX. CODE CRIM. PROC. art. 27.14(a); *Ex parte Desai*, 2018 WL 2142745, at *2; *Ex Parte Robert,* No. 12-09-00104-CR, 2009 WL 2517256, at *3 (Tex. App.—Tyler Aug. 19, 2009, no pet.) (mem. op., not designated for publication).

The final judgment of conviction in this case, the plea agreement signed by defense counsel, and trial court's docket sheet support the entry of Rucker's plea of nolo contendere to the charge of class A misdemeanor assault. Furthermore, under the judicial presumption of regularity, a reviewing court, absent evidence of impropriety, indulges "every presumption in favor of the regularity of the proceedings and documents in the lower court." *Light v. State*, 15 S.W.3d 104, 107 (Tex. Crim. App. 2000); *see also Jones v. State*, 77 S.W.3d 819, 822 & n.13 (Tex. Crim. App. 2002) ("[I]n the absence of evidence to the contrary, this Court presumes the regularity of the trial court's judgment and records.") (citing *Breazeale v. State*, 683 S.W.2d 446, 450 (Tex. Crim. App. 1985) (op. on reh'g)).

Because the record reflects the entry of Rucker's plea of nolo contendere to

class A misdemeanor assault, and because there is no transcript of the plea proceeding to support a void judgment claim,[4] we conclude the trial court did not err in determining Rucker was entitled to no relief and denying his subsequent application for writ of habeas corpus. We therefore overrule Rucker's points of error and affirm the trial court's order.[5]

/Lana Myers//
LANA MYERS
JUSTICE

210364f.u05
210365f.u05
Do Not Publish
TEX. R. APP. P. 47.2(b)

---

[4] *See, e.g., Nix*, 65 S.W.3d at 668–69; *Ephraim v. State*, No. 02-19-00076-CR, 2020 WL 938175, at *2 (Tex. App.—Dallas Feb. 27, 2020, no pet.) (mem. op., not designated for publication) (citing *Nix*)

[5] In its brief, the State also argued Rucker is not confined or suffering a restraint from his conviction; his complaint is barred by laches; it is not preserved; and that Rucker's actual complaint is a challenge to the sufficiency of the evidence, which is not cognizable in a habeas proceeding. Because of our holding above, we do not address these issues.

–12–



## Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

EX PARTE: AUSTIN RUCKER

No. 05-21-00364-CR

On Appeal from the Criminal District Court No. 7, Dallas County, Texas
Trial Court Cause No. WX21-90235-Y.
Opinion delivered by Justice Myers. Justices Partida-Kipness and Carlyle participating.

Based on the Court's opinion of this date, the trial court's judgment is

**AFFIRMED**.

Judgment entered this 10th day of March, 2022.



## Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

EX PARTE: AUSTIN RUCKER

No. 05-21-00365-CR

On Appeal from the Criminal District Court No. 7, Dallas County, Texas Trial Court Cause No. W10-71844-Y(A).
Opinion delivered by Justice Myers. Justices Partida-Kipness and Carlyle participating.

Based on the Court's opinion of this date, the appeal is **DISMISSED** for lack of jurisdiction.

Judgment entered this 10th day of March, 2022.