**Ex parte Lorenzo Don CHRISTIAN.**

**No. 69849.**

Court of Criminal Appeals of Texas, En Banc.

Nov. 23, 1988.

Lorenzo Don Christian, pro se.

Robert Huttash, State's Atty., Austin, for the State.

## OPINION

McCORMICK, Judge.

This is a post-conviction habeas corpus proceeding which is before this Court pursuant to the provisions of Article 11.07, V.A.C.C.P.

In May of 1978, applicant was convicted by a jury of the offense of burglary of a building. At the punishment phase of the trial, applicant pled "not true" to the two enhancement paragraphs' allegations.[1] The jury, however, found the allegations of two prior convictions to be true. In accordance with the requirements of the law at that time, the trial judge entered judgment and mandatorily assessed applicant's punishment at confinement for life in the Texas Department of Corrections. V.T.C.A., Penal Code, Section 12.42(d), prior to 1983 amendment.[2] A direct appeal was subsequently made to this Court and the conviction was affirmed in a per curiam opinion dated March 7, 1979 under Cause No. 60,-869.

Applicant, in this post conviction writ of habeas corpus, has alleged that the State failed to present evidence with regard to the proper sequence of the enhancement allegations as is required under Section 12.42(d), supra.

The trial court judge has entered findings of facts and conclusions of law in which she asserts that applicant is challenging the sufficiency of evidence in this case and that it has long been the rule in this State that sufficiency of evidence claims may not be raised in a collateral attack. The judge cites *Ex parte Ash*, 514 S.W.2d 762 (Tex.Cr.App.1974), to support her arguments. We agree.

In *Ex parte Williams*, 703 S.W.2d 674, 677 (Tex.Cr.App.1986), this Court held that when the trial court has jurisdiction to render judgment and the law affords a remedy by appeal, this Court may not in habeas corpus proceedings inquire into questions concerning the sufficiency of the evidence upon which judgment was rendered. Thus, as long as the record is "not totally devoid of evidentiary support of the [enhancement] allegations," then this Court will not set aside an applicant's conviction. *Williams*, 703 S.W.2d at 680.

The State introduced two pen packets as proof of applicant's two prior convictions. Both packets contain judgments and sentences relative to the two prior convictions. The judgment found in the pen packet for the 1966 theft conviction contains an allegation that "said defendant committed said offense on the 28th day of August, 1965...." The pen packet for the conviction of breaking and entering a motor vehicle contains no allegations of when that offense was committed. We have previ-

1. The State alleged for enhancement purposes that applicant had been convicted of two prior felonies. The first conviction alleged was obtained under Cause No. C–68–953–HL from the Criminal District Court No. 5 of Dallas County on October 24, 1969. This conviction was for breaking and entering a motor vehicle with intent to commit theft. The second offense was a conviction obtained under Cause No. F–2582–J from the Criminal District Court No. 3 of Dallas County on August 12, 1966. This conviction was for theft.

2. V.T.C.A., Penal Code, Section 12.42(d), since amended by Acts 1983, 68th Leg. p. 1750, ch. 339, Section 1, eff. Sept. 1, 1983, reads as follows:
    "If it be shown on the trial of any felony offense that the defendant has previously been finally convicted of two felony offenses, and the second previous felony conviction is for an offense that occurred subsequent to the

first previous conviction having become final, on conviction he shall be punished by confinement in the Texas Department of Corrections for life."
The section, as amended, reads as follows:
    "If it be shown on the trial of any felony offense that the defendant has previously been finally convicted of two felony offenses, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, on conviction he shall be punished by confinement in the Texas Department of Corrections for life, or for any term of not more than 99 years or less than 25 years."
The present amendment obviously leaves to the jury a degree of discretion in sentencing of repeat offenders that was heretofore denied them. Previously, the issue was placed in the trial judge's hands and the sentence was made mandatory upon a factual finding by the jury.

ously held that pen packets constitute some evidentiary support for enhancement allegations. *Ex parte Brown*, 757 S.W.2d 367 (Tex.Cr.App.1988). See also *Ex parte Williams*, supra. The record, therefore, is not totally devoid of evidentiary support.

The relief prayed for is denied.

TEAGUE, J., concurs in the result for the reasons stated in the concurring opinion he filed in *Ex parte Brown*, 757 S.W.2d 367.

CAMPBELL, J., joins TEAGUE's, J., remarks.

CLINTON, Judge, dissenting.

In *Ex Parte Brown*, 757 S.W.2d 367, (Tex.Cr.App.1988), I was content to dissent without written opinion. The fallacy in the opinion of the Court seemed selfevident: two pen packets showing historical facts that appellant had twice been convicted of felony offenses constitute no evidence whatsoever for a rational trier of fact to find the essential element that gives meaning and effect to those facts, *viz:* that "the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final." V.T.C.A.Penal Code, § 12.42(d).

In his concurring opinion, Judge Teague (joined by Judge Campbell) pointed out that the pen packet covering the second conviction contains the indictment alleging date of that offense and thereby "clearly shows that the offense occurred subsequent to the date when the first alleged prior conviction occurred." *Brown*, supra, at 369. Thus there was ample evidence to support the jury in its "true" finding. That the majority wholly disregarded that fact is a testament to the measure of its determination to fashion a rule that will bar "such claims to be advanced in habeas proceedings." *Brown*, supra, at 369.

Today, the majority writes an opinion in this cause that in all respects but one is a carbon copy of *Brown*. That exceptional respect is its reference to content of pen packets. See opinion at 660. Perhaps influenced by the point made by Judge Teague in *Brown*, the majority notes that in the theft case—alleged to be the earlier conviction on *August 12, 1966*, see *id.*, at 660,

note 1—the judgment in the pen packet contains "an allegation that 'said defendant committed said offense on the 28th day of August 1965.'"

Is the majority making the point that no matter how uncertain the sequence of prior offenses shown in the record, so long as there *are* pen packets of prior convictions *eo nomine* they "constitute some evidentiary support for enhancement allegations," and thus under *Ex parte Williams*, this Court may not make the inquiry "into questions concerning sufficiency of evidence," that it just finished making?

To that for which there is no justification in law, I dissent.

DUNCAN, J., joins this opinion.