Ex Parte Franklin CANTRELL.

No. 09–03–016 CR.

Court of Appeals of Texas, Beaumont.

Submitted July 14, 2003.

Decided July 30, 2003.

Ken McLean, Mac Secrest, Houston, for appellant.

Michael A. McDougal, Dist. Atty., Gail Kikawa McConnell, Asst. Dist. Atty., Conroe, for State.

Before STEVE McKEITHEN, C.J., BURGESS and GAULTNEY, JJ.

## OPINION

STEVE McKEITHEN, Chief Justice.

Franklin Cantrell was convicted by a jury for criminal conspiracy to misapply fiduciary property. The trial court sentenced Cantrell to five years of imprisonment in the Texas Department of Criminal Justice, Institutional Division, and a fine of $10,000.00, but suspended the imposition of the sentence and placed Cantrell on community supervision for ten years. The judgment was affirmed on appeal. *Cantrell v. State*, 75 S.W.3d 503 (Tex.App.-Texarkana 2002, pet. ref'd).[1] After the mandate issued, Cantrell filed an original and an amended application for writ of habeas corpus pursuant to Tex.Code Crim. Proc. Ann. art. 11.08 (Vernon 1977). After a hearing in which no additional evidence was received, the trial court denied the writ.

Cantrell raises two arguments in this appeal. First, he contends that the evidence is insufficient to establish beyond a reasonable doubt that he acted in a fiduciary capacity to the complainant, as, he claims, the conspiracy indictment alleged. Second, he asserts that he is actually innocent of the crime of conviction because there is no evidence that he acted in a fiduciary capacity to the complainant.

■■■ Our threshold determination is whether the claims presented are cognizable through habeas corpus. A challenge to the sufficiency of the evidence is not cognizable by way of post-conviction collateral attack. *Ex parte McLain*, 869 S.W.2d 349, 350 (Tex.Crim.App.1994). Only where the judgment is void because there was no evidence to support the judgment has a violation of due process been shown that justifies collateral attack. *See Ex parte Moffett*, 542 S.W.2d 184 (Tex.Crim.App. 1976). Cantrell suggests that the precedent developed under Article 11.07 is irrelevant to applications filed under Article 11.08. We disagree. The sufficiency of the evidence supporting the conviction would not be cognizable on appeal following revocation of community supervision for the same reasons that the sufficiency of the evidence is not cognizable under Article 11.07. *See Traylor v. State*, 561 S.W.2d 492, 494 (Tex.Crim.App.1978). We perceive no reason to treat one form of collateral attack differently from another.

Applying the precedent established under Article 11.07 will not deprive Cantrell of an adequate remedy. The sufficiency of the evidence was determined in the appeal from Cantrell's conviction. *See Cantrell v. State*, 75 S.W.3d at 508–11. The appellate court rejected Cantrell's argument that he

---

1. The Sixth Court of Appeals decided the appeal pursuant to a docket control transfer order.

was not shown to be a fiduciary and that he could not be convicted upon evidence that showed his conspirator to be the fiduciary. *Id.* at 511–12. Issue one asks us to again test the sufficiency of the evidence. We hold that the issue is not cognizable, and that the trial court therefore did not err in denying the writ of habeas corpus based upon the application's claim that the evidence is insufficient to establish beyond a reasonable doubt that he personally acted in a fiduciary capacity. Issue one is overruled.

■ Issue two is presented as an actual innocence claim. Cantrell's argument under this issue is virtually identical to his argument under his first issue; namely, that the trier of fact could not have found an essential element of the offense of conspiracy to misapply fiduciary property because there is no evidence that Cantrell was a fiduciary, only evidence that he was a party to an offense in which another person was acting in a fiduciary capacity to the complainant.

The Court of Criminal Appeals recently described claims of factual innocence:

> There are two types of actual innocence claims that may be raised in a collateral attack on a conviction. A bare innocence claim, or *Herrera*-type [*Herrera v. Collins*, 506 U.S. 390, 113 S.Ct. 853, 122 L.Ed.2d 203 (1993)] claim "involves a substantive claim in which applicant asserts his bare claim of innocence based solely on newly discovered evidence." *Ex parte Franklin*, 72 S.W.3d 671, 675 (Tex.Crim.App.2002) (citing *Schlup v. Delo*, 513 U.S. 298, 314, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995); [*Ex parte Elizondo*, 947 S.W.2d [202] at 208 [Tex.Crim.App.1996] )]. The other actual innocence claim, a *Schlup*-type claim, we explained "is a procedural claim in which applicant's claim of innocence does not provide a basis for relief, but is tied to a showing of constitutional error at trial." *Ibid.* (citing *Schlup*, 513 U.S. at 314, 115 S.Ct. 851, 130 L.Ed.2d 808).

*Ex parte Tuley*, 109 S.W.3d 388 (Tex.Crim. App., 2002). Tuley presented a free-standing claim of actual innocence under *Ex parte Elizondo*. *Id.* The Court of Criminal Appeals ruled that his claim was cognizable in habeas corpus notwithstanding his guilty plea. The Court reasoned as follows:

> An applicant claiming actual innocence is not claiming that the evidence at trial was insufficient to support the conviction. On the contrary, the successful applicant shows by clear and convincing evidence that, despite the evidence of guilt that supports the conviction, no reasonable juror could have found the applicant guilty in light of the new evidence. The burden is on the applicant because we presume that the conviction is valid. *See Elizondo*, 947 S.W.2d at 207.
>
> Moreover, if an actual innocence claim were nothing more than a challenge to the sufficiency of the evidence, then no claim of actual innocence—whether the conviction was based on a jury trial, bench trial, or guilty plea—would be cognizable on a writ of habeas corpus. *Ex parte Easter*, 615 S.W.2d 719, 721 (Tex.Crim.App.1981) (attack on sufficiency of the evidence at trial may not be raised in habeas proceedings).

*Id.*

Cantrell presented no extra-record evidence to support his claim that he was innocent of the crime for which he had been convicted. Without newly discovered evidence, his claim is nothing more than a challenge to the sufficiency of the evidence that is presumed to be valid in a habeas proceeding. Therefore, Cantrell cannot bring a *Herrera*-type claim.

The appeal does not present a *Schlup*-type claim, either. An examination of Cantrell's amended application for writ of habeas corpus and the reporter's record of the writ hearing reveals no procedural claim of constitutional error upon which to base his claim for relief. Cantrell suggests that we should review his claim under a *Jackson v. Virginia*[2] standard because the Fifth Circuit has taken that approach. *See Haley v. Cockrell,* 306 F.3d 257 (5th Cir.2002, cert.filed). *Haley* was a habeas proceeding filed pursuant to the federal statute than permits federal review of a state court judgment that results in a decision contrary to, or an unreasonable application of, clearly established federal law as determined by the Supreme Court. *See* 28 U.S.C.A. § 2254(d) (West Supp.2002). The federal court uses its own method of measuring sufficiency of the evidence, rather than the state court's. *See Bledsue v. Johnson,* 188 F.3d 250, 260 (5th Cir.1999). The Fifth Circuit's application of the *Jackson v. Virginia* standard in Section 2254 proceedings is of no benefit to our determination of cognizability of the claim brought by Cantrell in this state court proceeding. Cantrell has not tied his claim of actual innocence to a showing of constitutional error at trial. Although he facially claims there is "no evidence" of an essential element of the offense, the claim actually requires an express rejection of the application of the law of parties in the direct appellate review of the case. *See Cantrell v. State,* 75 S.W.3d at 508–12. We hold that the issue is not cognizable, and that the trial court therefore did not err in denying the writ of habeas corpus based upon the application's claim that there is no evidence that the appellant personally acted in a fiduciary capacity to the complainant. Issue two is overruled. The trial court's order is affirmed.

AFFIRMED.

---

**2.** 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).