**Ex parte Robyn M. REED.**

No. 14–12–00540–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

April 2, 2013.

Rehearing Overruled June 19, 2013.

Sean Michael Reagan, Houston, for Appellant.

Lisa G. Porter, Houston, for the State.

Panel consists of Justices FROST, CHRISTOPHER, and JAMISON.

## OPINION

TRACY CHRISTOPHER, Justice.

Applicant Robyn M. Reed appeals the habeas court's order denying her post-conviction application for writ of habeas corpus on her conviction for theft of welfare benefits valued at more than $1,500 but less than $20,000. On direct appeal, applicant complained of the legal and factual sufficiency of the evidence to support her conviction, and we affirmed. *Reed v. State*, No. 14–09–00372–CR, 2010 WL 2195955 (Tex.App.-Houston [14th Dist.] 2010, pet. ref'd) (mem. op., not designated for publication). In her current appeal, applicant argues in two issues that she is entitled to habeas relief because there is no evidence that she unlawfully appropriated at least $1,500 in welfare benefits. Finding no abuse of discretion by the habeas court, we affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In this court's opinion on applicant's direct appeal, we summarized the background of her case:

Appellant submitted an application for welfare benefits on July 12, 2006, in which she stated that she was unemployed and had no source of income. Appellant initially indicated on her application that she was employed by Pappadeaux Restaurant, but she marked through this entry and wrote "quit" next to it.

Jose Vazquez, a Texas Department of Health and Human Services ("TDHHS") employee, contacted appellant by telephone on September 5, 2006 regarding her application. Appellant told Vazquez that she currently was unemployed and had no source of income. She informed Vazquez that she formerly was employed by Pappadeaux Restaurant, but had quit her job in March 2006. Appellant's application was approved, and she began receiving food stamp and Medicaid benefits. Appellant filed an application for recertification of her eligibility to receive welfare benefits on December 14, 2006. She stated on her December 14, 2006 application that she was employed by Pappadeaux Restaurant.

In 2007, appellant's case file was "flagged" for investigation by the Texas Workforce Commission ("TWC"); Robert Rodgers, a TDHHS investigator, was assigned to investigate appellant's case file. Rodgers discovered that appellant was employed by Pappadeaux Restaurant from April 28, 2005 to March 9, 2006 and again from June 6, 2006 until July 17, 2007. Rodgers calculated the benefits that appellant would have been entitled to receive from September 2006 through February 2007 had she reported her employment, and determined

that appellant had received an over-issuance of $1,806.13 in welfare benefits during that period.

Appellant was indicted for the offense of theft of welfare benefits valued at more than $1,500 but less than $20,000 "pursuant to one scheme and continuing course of conduct." After a jury trial, the jury found appellant guilty as charged in the indictment. The trial court signed its judgment on April 20, 2009, and assessed punishment at confinement for one year probated for one year of community supervision.

*Id.* at *1. Applicant presented three issues in her direct appeal: (1) legal sufficiency of the evidence to establish that she received an over-issuance of more than $1,500 in welfare benefits; and (2) legal and (3) factual sufficiency of the evidence to establish that applicant intended to deprive the State of the over-issued welfare benefits and deceived the State to obtain the over-issued welfare benefits. *Id.* We overruled applicant's issues, concluding that the jury could have found beyond a reasonable doubt that applicant received an over-issuance of more than $1,500 in welfare benefits, id. at *7, and the jury could have found beyond a reasonable doubt that applicant deceived and intended to deprive the State of the over-issued benefits, *id.* at *4, 5. Applicant reurged these issues in her petition for discretionary review, which the Court of Criminal Appeals refused.

Applicant then filed an application for writ of habeas corpus, arguing that there is no evidence to support her conviction because investigator Rodgers' testimony is incompetent; that applicant is actually innocent because there is no evidence that applicant unlawfully appropriated at least $1500.00 in welfare benefits; and accordingly, that applicant's right to due process was violated. The habeas court denied applicant's request for relief, and issued findings of fact and conclusions of law. The habeas court issued findings that "[a]pplicant raised the same issues in her application for Writ of Habeas Corpus that were argued in her appeal" and that these issues were "addressed by the Court of Appeals." The habeas court concluded that applicant's allegations were not cognizable on a writ of habeas corpus, and that applicant was manifestly entitled to no relief.

On appeal, applicant argues that the habeas court incorrectly denied her application because her no-evidence challenges on due process grounds are cognizable on a habeas corpus action. Applicant then presents the same two issues from her application that she alleges entitle her to habeas relief: (1) the State's evidence of value based on Rodgers' incompetent testimony amounts to no evidence and (2) the record conclusively establishes as a matter of law that applicant did not unlawfully appropriate at least $1,500 in welfare benefits.

## II. STANDARD OF REVIEW

Texas Code of Criminal Procedure article 11.072 establishes the procedure for an applicant to seek habeas corpus relief "from an order or a judgment of conviction ordering community supervision." TEX. CODE CRIM. PROC. ANN. art. 11.072, § 1 (West 2012). We have jurisdiction to consider appeals of denials of habeas corpus relief in cases in which community supervision has been ordered under article 11.072. *Id.* art. 11.072, § 8.

 We review the trial court's denial of habeas corpus relief under an abuse-of-discretion standard, and consider the facts in the light most favorable to the habeas court's ruling. *Ex parte Wheeler,* 203 S.W.3d 317, 324 (Tex.Crim.App.2006). An applicant seeking post-conviction habeas corpus relief bears the burden of establish-

ing by a preponderance of the evidence that the facts entitle her to relief. *Ex parte Richardson*, 70 S.W.3d 865, 870 (Tex.Crim.App.2002). We afford almost complete deference to the habeas court's determination of historical facts supported by the record, especially when those factual findings rely upon an evaluation of credibility and demeanor. *Ex parte Tarlton*, 105 S.W.3d 295, 297 (Tex.App.-Houston [14th Dist.] 2003, no pet.). We apply the same deference to review the habeas court's application of law to fact questions, if the resolution of those determinations rests upon an evaluation of credibility and demeanor; if the outcome of those ultimate questions turns upon an application of legal standards, we review the habeas court's determination de novo. *Id.*

### III. ANALYSIS

■ For a court to reach the merits of an applicant's claim on habeas corpus, the applicant's claim must be cognizable on habeas corpus. *See Ex parte Perales*, 215 S.W.3d 418, 419–20 (Tex.Crim.App.2007); *Ex parte McLain*, 869 S.W.2d 349, 350 (Tex.Crim.App.1994) ("A threshold determination in any post[-]conviction habeas corpus application is whether the claim presented is cognizable by way of collateral attack.").

■ A writ of habeas corpus ordinarily may not be used to relitigate matters that already were raised and rejected on direct appeal. *Ex parte Brown*, 205 S.W.3d 538, 546 (Tex.Crim.App.2006) ("[H]abeas relief is not available to one who has already litigated his claim at trial, in post-trial motions, or on direct appeal."); *Ex parte Acosta*, 672 S.W.2d 470, 472 (Tex.Crim. App.1984); *Doyle v. State*, 317 S.W.3d 471, 476 (Tex.App.-Houston [1st Dist.] 2010, pet. ref'd) ("Further, 'a claim which was previously raised and rejected on direct appeal is not cognizable on habeas corpus.'" (quoting *Ex parte Torres*, 943 S.W.2d 469, 475 (Tex.Crim.App.1997))).[1]

■ In addition, it is well settled that the sufficiency of the evidence supporting a conviction cannot be collaterally attacked. *See Perales*, 215 S.W.3d at 419 ("It is well settled that a challenge to the sufficiency of the evidence is not cognizable on an application for a post-conviction writ of habeas corpus."); *Ex parte Grigsby*, 137 S.W.3d 673, 674 (Tex.Crim.App. 2004) ("[I]t is well-established that a challenge to the sufficiency of the evidence used to sustain a felony conviction is not cognizable on an application for a post-conviction writ of habeas."); *McLain*, 869 S.W.2d at 350 ("Among those claims which are not cognizable by way of post[-]conviction collateral attack is a challenge to the sufficiency of the evidence."); *Ex parte Brown*, 757 S.W.2d 367, 368 (Tex.Crim. App.1988) (agreeing that "it has long been the rule in this State that sufficiency of evidence claims may not be raised in a collateral attack"); *Ex parte Williams*, 703 S.W.2d 674, 677 (Tex.Crim.App.1986) (noting general rule "that the sufficiency of the evidence cannot be attacked collaterally" "has been applied or intended to apply across the board to all types of criminal cases").[2]

---

1. "[T]his doctrine should not be applied where [1] direct appeal cannot be expected to provide an adequate record to evaluate the claim in question, and [2] the claim might be substantiated through additional evidence gathering in a habeas corpus proceeding." *Ex parte Nailor*, 149 S.W.3d 125, 131 (Tex. Crim.App.2004) (quoting *Torres*, 943 S.W.2d at 475). Applicant does not advance this exception here.

2. The Court of Criminal Appeals recognizes two types of "actual innocence" claims that are cognizable on habeas review. The first is a claim recognized in *Herrera v. Collins*, 506 U.S. 390, 113 S.Ct. 853, 122 L.Ed.2d 203

■ Despite these rules, applicant urges that this court must review her habeas claims based on a "no-evidence exception," and relies on *Williams*, 703 S.W.2d at 679, *Brown*, 757 S.W.2d at 368–69, and *Perales*, 215 S.W.3d at 419. Applicant thus argues her claims are cognizable on habeas review based on the constitutional due-process prohibition against convictions that are totally devoid of evidentiary support.[3]

Here, in its findings of fact and conclusions of law, the habeas court stated that allegations rejected on direct appeal are not cognizable on a writ of habeas corpus, citing *Acosta*, 672 S.W.2d at 472. The habeas court issued a finding that "[i]n this writ of habeas corpus, the Applicant asserts issues that were raised on appeal and addressed by the Court of Appeals." Therefore, the habeas court determined "from the face of the application for writ of habeas corpus and[/]or documents attached to the application that the applicant is manifestly entitled to no relief."

Applicant acknowledges the general rule that issues raised and rejected on direct appeal may not be considered in a post-conviction habeas application, and does not dispute that she presented both of the issues she raises in her application for habeas relief to this court and to the Court of Criminal Appeals on her direct appeal in the context of a sufficiency challenge. Nevertheless, applicant invokes the no-evidence exception and argues that the habeas court erred when it concluded that her claims were not cognizable on habeas corpus.

■ We cannot agree that the habeas court abused its discretion when it denied applicant's request for habeas relief. This court previously rejected applicant's argument that the evidence was legally insufficient to establish that she received an over-issuance of more than $1,500 in welfare benefits. *Reed*, 2010 WL 2195955, at *7. In doing so, this court particularly considered applicant's challenges to Rodgers' testimony regarding, and his calculations of, the welfare benefits over-issued to applicant. *Id.* at *6–7. Indeed, applicant concedes that both arguments she now asserts as grounds for habeas relief—"(1) the only evidence with regard to the amount stolen is the *ipse dixit* statement of the State's investigator, which constitutes no evidence, and (2) alternatively, the amount of the [welfare] benefits allegedly stolen do not exceed $1,500 as a matter of law, which results in the record being a complete lack of evidentiary support for the conviction"—were "presented by [applicant] to the court of appeals and to the Court of Criminal Appeals." According to applicant, however, we should reconsider the merits of the exact same arguments because they are now presented as no-evidence claims. Recasting arguments that have already been rejected on sufficiency grounds as no-evidence arguments

(1993), which is a substantive claim in which the applicant asserts innocence based solely on newly discovered evidence. *In re Allen*, 366 S.W.3d 696, 700 (Tex.2012) (citing *Ex parte Franklin*, 72 S.W.3d 671, 675 (Tex.Crim. App.2002)). The second is a claim recognized in *Schlup v. Delo*, 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995), which "is a procedural gateway through which a petitioner must pass to have his otherwise barred constitutional claim considered on the merits." *Allen*, 366 S.W.3d at 700. In a *Schlup*-type claim, the applicant "must show that the constitutional error probably resulted in the conviction of one who was actually innocent." *Ex parte Spencer*, 337 S.W.3d 869, 878 (Tex. Crim.App.2011). Applicant does not advance either type of actual-innocence exception here.

3. See *Thompson v. City of Louisville*, 362 U.S. 199, 199, 206, 80 S.Ct. 624, 4 L.Ed.2d 654 (1960).

does not otherwise render them cognizable on habeas review. *Cf. Ex parte Cantrell,* 112 S.W.3d 753, 755–56 (Tex.App.-Beaumont 2003, pet. ref'd) (concluding issue that applicant was "actually innocent of the crime of conviction because there is no evidence" of essential element was not cognizable on habeas review where argument was "virtually identical" to applicant's sufficiency argument already rejected on direct appeal).

Moreover, the cases applicant argues in support of applying a no-evidence exception here are distinguishable. In *Ex parte Moffett,* the Court of Criminal Appeals granted habeas relief and overturned the applicant's probation revocation "[s]ince the conviction for which the court revoked probation was for an offense committed before the appellant was granted probation." 542 S.W.2d 184, 186 (Tex.Crim.App. 1976); *see also Williams,* 703 S.W.2d at 679 ("*Moffett* . . . appears to be more of a fundamental fairness case than a true no evidence case."). In *Perales,* the Court of Criminal Appeals granted habeas relief and rendered a judgment of acquittal for the applicant who had pleaded guilty to delivery of cocaine to her unborn baby because, based on its holdings, meeting the statutory element of delivery by actual transfer of a controlled substance was not legally possible where the alleged transferee was an unborn child. 215 S.W.3d at 419–20 (upholding habeas court's finding that despite being pleaded as " 'no evidence or insufficient evidence' claims, applicant's real complaint is that her sentence is illegal"). Unlike in those cases, where the applicants advanced no direct appeals, applicant here raised the exact same arguments in the context of a sufficiency review, which this court rejected. Here, this court already considered the evidence the State presented with regard to the amount of welfare benefits applicant allegedly over-issued to applicant, includ-ing the alleged *ipse dixit* opinion of Rodgers and Rodgers' alleged over-calculations, and determined that it was legally sufficient to support her conviction. *Reed,* 2010 WL 2195955, at *7. Applicant may not re-weigh the same evidence in this proceeding.

Therefore, because applicant now asserts the same issues that already were raised and rejected on direct appeal, applicant's claims are not cognizable on habeas review. We conclude that the habeas court did not abuse its discretion in refusing to reach the merits of and in denying her application for habeas relief.

### IV. CONCLUSION

Accordingly, we affirm the habeas court's order denying applicant's application for writ of habeas corpus.

FROST, J., concurring.

KEM THOMPSON FROST, Justice, concurring.

The applicant's complaint that there is no evidence supporting the trial court's judgment convicting her of theft is cognizable on application for habeas-corpus relief, and this court should address the merits of this complaint rather than conclude that the complaint is not cognizable.

### *History of the Cognizability of No–Evidence Complaints on Habeas Corpus*

To understand why the applicant's complaint is cognizable, it is helpful to review the historical underpinnings of the binding precedent that compels this conclusion. Long before the Supreme Court of the United States decided *Jackson v. Virginia,* the Court of Criminal Appeals of Texas held that an applicant's complaint that his conviction violated federal due process— because of insufficiency of the evidence

supporting the conviction—was not cognizable on application for habeas-corpus relief. *See Ex parte Banspach,* 130 Tex. Crim. 3, 91 S.W.2d 365, 365 (1936). *See also Jackson v. Virginia,* 443 U.S. 307, 318–19, 99 S.Ct. 2781, 2788–89, 61 L.Ed.2d 560 (1979).

In 1960, in *Thompson v. City of Louisville,* the Supreme Court held that a conviction violated due process because the record showed a complete lack of evidence to support the conviction. *See* 362 U.S. 199, 199–205, 80 S.Ct. 624, 625–29, 4 L.Ed.2d 654 (1960). In light of this holding, the Court of Criminal Appeals concluded that a complaint that there is no evidence, as opposed to insufficient evidence, to support the conviction is cognizable on habeas corpus. *See Laflore v. State,* 595 S.W.2d 862, 864 (Tex.Crim.App. 1980), *overruled in part on other grounds by Ex parte Martin,* 747 S.W.2d 789, 793 (Tex.Crim.App.1988); *Ex parte Moffett,* 542 S.W.2d 184, 185 (Tex.Crim.App.1976). The Texas high court stated that such complaints are cognizable on habeas corpus because there is a violation of federal due process. *See Laflore,* 595 S.W.2d at 864; *Ex parte Moffett,* 542 S.W.2d at 185.

In 1979, in *Jackson v. Virginia,* the Supreme Court held a person convicted in state court is entitled to a judgment of acquittal under the due process protections of the United States Constitution if, after viewing all the evidence in the light most favorable to the prosecution, no reasonable trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *See* 443 U.S. at 318–19, 99 S.Ct. at 2788–89. The *Jackson* court concluded that the no-evidence legal standard articulated in *Thompson v. City of Louisville* was "simply inadequate to protect against misapplications of the constitutional standard of reasonable doubt" because " '[a] mere modicum of evidence may satisfy a

'no evidence' standard.' " *Jackson,* 443 U.S. at 320, 99 S.Ct. at 2789 (quoting *Jacobellis v. Ohio,* 378 U.S. 184, 202, 84 S.Ct. 1676, 1686, 12 L.Ed.2d 793 (Warren, C.J., dissenting)). The *Jackson* court noted that "[a]ny evidence that is relevant—that has any tendency to make the existence of an element of a crime slightly more probable than it would be without the evidence" might be deemed a "mere modicum" of evidence. *See id.* The Supreme Court concluded that "it could not seriously be argued that such a 'modicum' of evidence could by itself rationally support a conviction beyond a reasonable doubt." *Id.*

Because the Court of Criminal Appeals had based the cognizability of a no-evidence complaint on the violation of federal due process, an issue arose after *Jackson v. Virginia* as to whether an insufficiency complaint under *Jackson* also would be cognizable on habeas corpus. *See Laflore,* 595 S.W.2d at 864; *Ex parte Moffett,* 542 S.W.2d at 185. The answer is that even after *Jackson v. Virginia,* the Court of Criminal Appeals has continued to conclude that no-evidence complaints are cognizable on habeas corpus but that insufficiency complaints are not. *See Ex parte McLain,* 869 S.W.2d 349, 350 (Tex.Crim. App.1994) (holding that complaints regarding the sufficiency of the evidence are not cognizable on habeas corpus, without addressing no-evidence complaints or any change in the rationale for the cognizability analysis after *Jackson v. Virginia); Ex parte Christian,* 760 S.W.2d 659, 660–61 (Tex.Crim.App.1988) (holding that complaints regarding the sufficiency of the evidence are not cognizable on habeas corpus but that no evidence complaints are cognizable and concluding that no-evidence complaint lacked merit); *Ex parte Brown,* 757 S.W.2d 367, 368–69 (Tex.Crim.App. 1988) (same as *Ex parte Christian* ). *See also Ex parte Perales,* 215 S.W.3d 418,

419–20 (Tex.Crim.App.2007) (stating indicta that complaints regarding the sufficiency of the evidence are not cognizable on habeas corpus but that no-evidence complaints are cognizable). The rationale for this conclusion is the Texas high court's determination that a judgment supported by no evidence is a void judgment that can be attacked collaterally at any time but that a judgment supported by insufficient evidence is not a void judgment subject to collateral attack. *See Nix v. State*, 65 S.W.3d 664, 667–68 & n. 14 (Tex.Crim.App. 2001); *Ex parte Cantrell*, 112 S.W.3d 753, 754–56 (Tex.App.-Beaumont 2003, pet. ref'd). The Court of Criminal Appeals has noted that cases in which the judgment is a nullity because no evidence supports the conviction are "very rare situations." *Nix*, 65 S.W.3d at 668 & n. 14.

Thus, under current habeas-corpus law, an important distinction is made between a complaint that no evidence supports the judgment and a complaint that insufficient evidence supports the judgment. *See Nix*, 65 S.W.3d at 667–68 & n. 14; *Ex parte Christian*, 760 S.W.2d at 660–61; *Ex parte Brown*, 757 S.W.2d at 368–69; *Ex parte Cantrell*, 112 S.W.3d at 754–56. A no-evidence complaint may be asserted under the legal standard from *Thompson v. City of Louisville*, which, since 1979, has not been used as a legal standard for determining federal due process violations. *See Jackson*, 443 U.S. at 318–19, 99 S.Ct. at 2788–89. If no evidence supports the judgment, the judgment is void, a nullity, and subject to collateral attack at any time. *See Nix*, 65 S.W.3d at 667–68 & n. 14. For this reason, no-evidence complaints are cognizable on application for habeas-corpus relief. *See Nix*, 65 S.W.3d at 667–68 & n. 14; *Ex parte Christian*, 760 S.W.2d at 660–61; *Ex parte Brown*, 757 S.W.2d at 368–69; *Ex parte Cantrell*, 112 S.W.3d at 754–56. Complaints that the evidence is insufficient to support the judgment may be asserted under the legal standard from *Jackson v. Virginia*. *See Jackson*, 443 U.S. at 318–19, 99 S.Ct. at 2788–89. Insufficiency complaints may be asserted on direct appeal but are not cognizable on application for habeas-corpus relief because insufficiency of the evidence does not make the judgment void. *See Nix*, 65 S.W.3d at 667–68 & n. 14; *Ex parte Cantrell*, 112 S.W.3d at 754–56. Significantly, cases in which no evidence supports the judgment are a complete subset of the cases in which the evidence is insufficient to support the judgment. *See Jackson*, 443 U.S. at 318–20, 99 S.Ct. at 2788–89. In all cases in which there is no evidence to support the judgment, the evidence is also insufficient to support the judgment, but in some cases the evidence may be insufficient to support the judgment even though the no-evidence standard is not satisfied. *See id.* Thus, if an appellant or an applicant for habeas-corpus relief shows that no evidence supports the judgment, by definition, the evidence is also legally insufficient to support the judgment, regardless of whether the applicant asserted insufficiency. *See id.*

### The Applicant's No–Evidence Complaint: Cognizable on Habeas Corpus

Both the form and the substance of applicant Robyn M. Reed's complaint is a no-evidence rather than an insufficiency-of-the-evidence complaint. The applicant cites precedent regarding the cognizability of no-evidence complaints on application for habeas-corpus relief, and the applicant proffers argument in support of the proposition that no evidence supports the judgment. The applicant does not assert that the evidence is insufficient, nor does she rely upon the legal standard from *Jackson v. Virginia*. She complains that no evidence supports the judgment. Thus, the

applicant's complaint is cognizable on application for habeas-corpus relief, and the trial court's and the majority's conclusions to the contrary are incorrect. *See Nix*, 65 S.W.3d at 667–68 & n. 14; *Ex parte Christian*, 760 S.W.2d at 660–61; *Ex parte Brown*, 757 S.W.2d at 368–69; *Laflore*, 595 S.W.2d at 864; *Ex parte Moffett*, 542 S.W.2d at 185; *Ex parte Cantrell*, 112 S.W.3d at 754–56.

The majority concludes that the applicant's complaint is not cognizable on application for habeas-corpus relief because, on direct appeal, the applicant asserted the same or similar arguments in support of her appellate complaint that the evidence supporting her conviction was insufficient under the legal standard from *Jackson v. Virginia*. But, an argument that there is no evidence also will support an argument that there is insufficient evidence, and the Court of Criminal Appeals has stated that a judgment supported by no evidence is accorded no respect, is a nullity, and is subject to collateral attack at any time. *See Nix*, 65 S.W.3d at 667–68. The majority relies upon *Ex parte Cantrell*, a case in which the court held that the substance of an applicant's argument was an insufficiency-of-the-evidence complaint rather than an actual-innocence complaint. *See Ex parte Cantrell*, 112 S.W.3d at 754–56. The *Ex parte Cantrell* court held that the applicant's argument was not cognizable because it was an insufficiency-of-the-evidence complaint. *See id*. Unlike the complaint in today's case, the applicant's complaint in *Ex parte Cantrell* was not a no-evidence complaint, either in form or substance. *See id*. The *Ex parte Cantrell* court indicated that, had the applicant in that case asserted a no-evidence complaint, that complaint would have been cognizable. *See id*. at 754. The *Ex parte Cantrell* case does not support the majority's conclusion that the applicant's no-evidence complaint is not

cognizable. Because the applicant's no-evidence complaint is cognizable on application for habeas-corpus relief, this court should address the merits of this complaint.

### *Conclusion*

A complaint that no evidence supports a judgment of criminal conviction is cognizable on application for habeas-corpus relief, even though it may be very rare for such a complaint to have merit. Both the form and the substance of the applicant's complaint in today's case is a no-evidence rather than an insufficiency-of-the-evidence complaint. Thus, under binding precedent from the Court of Criminal Appeals, the proper course is for this court to address the merits of this complaint. A merits review, however, would not result in a different judgment as today's case in not one of the "very rare situations" in which the judgment can be declared a nullity because no evidence supports the conviction. Because the record does not show a complete lack of evidence supporting the conviction, the applicant's no-evidence complaint lacks merit. Accordingly, though I respectfully decline to join the majority opinion, I concur in the court's judgment.