

# NUMBER 13-14-00179-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## EX PARTE PEDRO PENA

**On appeal from the 28th District Court
of Nueces County, Texas.**

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Benavides and Perkes
Memorandum Opinion by Justice Benavides**

By one issue, which we will treat as three separate issues, applicant Pedro Pena contends that the trial court erred in denying his application for writ of habeas corpus on grounds that: (1) he failed to establish "confinement" as required by the code of criminal procedure; (2) he was barred by laches; and (3) the evidence was insufficient to support his claim that his plea of guilt was involuntary or unintelligent due to the ineffective assistance of his counsel. We affirm.

## I. BACKGROUND

Pursuant to a plea bargain in April 2002, Pena pleaded guilty to the charge of indecency with a child, a second degree felony. *See* TEX. PENAL CODE ANN. § 21.11 (West, Westlaw through Chapter 46 2015 R.S.). The trial court accepted the plea of guilt, found that the evidence substantiated his guilt, deferred adjudication, and placed Pena on community supervision for a term of five years.

On May 11, 2007, the trial court ordered Pena's community supervision terminated and released him "from all penalties and disabilities resulting from the offense or crime to which [he] pleaded guilty, except that upon conviction of a subsequent offense, the fact that the Defendant had previously received community supervision shall be admissible before the court or jury to be considered on the issue of penalty."

On November 8, 2013, Pena filed an application for writ of habeas corpus, *see* TEX. CODE CRIM. PROC. ANN. art. 11.072 (West, Westlaw through Chapter 46 2015 R.S.), which the trial court denied without holding a hearing. This appeal followed.

## II. JURISDICTION AND CONFINEMENT

By his first issue, Pena asserts that the trial court erred by dismissing his writ application on the grounds that he failed to establish "confinement."

### A. Applicable Law

Under article 11.07 of the code of criminal procedure, a person who files a habeas corpus application from a final felony conviction must challenge either the fact or length of confinement. *Ex parte Harrington*, 310 S.W.3d 452, 456–58 (Tex. Crim. App. 2010). Under article 11.07 § 3(c), "confinement means confinement for any offense or any collateral consequence resulting from the conviction that is the basis of the instant habeas

2

corpus." TEX. CODE CRIM. PROC. ANN. art. 11.07 § 3(c). A showing of a collateral consequence, without more, is sufficient to establish "confinement" to trigger the trial court's jurisdiction over the appeal. *See Ex parte Harrington*, 310 S.W.3d at 457. Whether an applicant shows confinement is a jurisdictional question. *See id.*

## B. Discussion

Here, the trial court concluded that Pena "failed to show that he is restrained or confined."[1] We disagree. In an affidavit attached to his writ application, Pena asserts that despite completing his deferred adjudication community supervision, he must still register as a sex offender. *See* TEX. CODE CRIM. PROC. ANN. arts. 62.001(5); 62.002 (explaining the requirements of the Sex Offender Registration Program). Because the sex-offender registration requirement "is a direct consequence" of an appellant's plea of guilt, *see Mitschke v. State*, 129 S.W.3d 130, 136 (Tex. Crim. App. 2004), we hold that Pena sufficiently established "confinement" under article 11.07 to invoke the trial court's jurisdiction over his habeas corpus application. *See Ex parte Harrington*, 310 S.W.3d at 457. Therefore, the trial court's conclusion that it was without jurisdiction over Pena's writ application was in error, and Pena's argument on this issue is sustained. We will proceed to address the remaining non-jurisdictional issues of Pena's appeal.

## III. LACHES

By his second issue, Pena asserts that the trial court abused its discretion in denying his writ application on the basis that the writ was barred by laches. *See generally Ex parte Perez*, 398 S.W.3d 206, 215–19 (Tex. Crim. App. 2013) (discussing

---

[1] Despite making this conclusion, the trial court addressed the State's laches argument as well as the merits of Pena's writ application.

3

the applicability of laches in determining whether to grant habeas relief). Here, the trial court made the following finding with regard to the issue of laches: "[Pena's] claims are barred by laches because he waited too long to file and the State has been prejudiced".

In its brief, however, the State asserts that while it is true that the trial court made such a finding, the trial court did not dismiss Pena's writ application on this ground—as Pena's asserts—because the trial court instead decided to reach the merits of his application and denied relief on those grounds. After reviewing the record, we agree with the State and sustain Pena's second issue to the extent that the trial court denied habeas relief on the issue of laches. *See* TEX. R. APP. P. 47.1

## IV. MERITS OF THE WRIT APPLICATION

By his final issue, Pena asserts that the trial court abused its discretion in denying his writ application on the basis that he failed to demonstrate by a preponderance of the evidence that his plea was involuntary or unintelligent due to the ineffective assistance of his trial counsel.

### A. Standard of Review for Habeas Review

We review the trial court's denial of habeas corpus relief under an abuse-of-discretion standard and consider the facts in the light most favorable to the habeas court's ruling. *Ex parte Reed*, 402 S.W.3d 39, 41 (Tex. App.—Houston [14th Dist.] 2013, pet. ref'd). An applicant seeking post-conviction habeas corpus relief bears the burden of establishing by a preponderance of the evidence that the facts entitle her to relief. *Id.* at 42–43. In an article 11.072 habeas case, as found here, the trial court is the sole finder of fact. *Ex parte Garcia*, 353 S.W.3d 785, 788 (Tex. Crim. App. 2011). As a result, there is less leeway in an article 11.072 context to disregard the findings of a trial court.

4

*Id.* Therefore, in the article 11.072 habeas framework, the *Guzman* standard applies. *See id.*; *Guzman v. State*, 955 S.W.2d 85, 87 (Tex. Crim. App. 1997) (articulating the standard of review for motions to suppress). Therefore, in reviewing a trial court's ruling on an 11.072 habeas case, we afford deference to the trial court in determining historical facts, but purely legal issues are reviewed de novo on appeal. *See Guzman*, 955 S.W.2d at 87. When the trial court's ruling involves "mixed questions of law and fact," we defer to the trial court if the issue involves the credibility of a witness. *Id.* However, if the mixed question does not turn on credibility, we review these issues de novo. *Id.*

**B.  Discussion**

Pena argues that his plea was involuntary or given unintelligently due to his trial counsel's ineffective assistance in: (1) failing to adequately explain to him the State's charges and evidence against him; (2) failing to adequately explain to him how he could have challenged the admissibility of his confession; and (3) giving him erroneous advice that he could not win at trial and would go to prison if he had pled not guilty. Pena further asserts that but for this alleged ineffective assistance of counsel he would have rejected the plea bargain and proceeded to trial.

The trial court made the following relevant findings: (1) Pena's guilty plea alone was sufficient evidence to support his conviction; (2) he was properly admonished and entered his waivers, confession, and stipulation to the evidence freely and voluntarily; (3) his guilty plea was voluntarily and knowingly entered; (4) Pena failed to meet his burden to show that his trial counsel performed deficiently or show that he would have insisted upon a trial but for his counsel's conduct; and (5) Pena's trial counsel rendered effective

5

representation under *Strickland*. We dissect Pena's arguments—and the trial court's findings—into two parts and analyze them below.

### 1. Guilty Plea

First, we will examine whether the trial court abused its discretion in finding that Pena's guilty plea was voluntary and knowingly entered.

A guilty plea constitutes a waiver of three constitutional rights: the right to a jury trial, the right to confront one's accusers, and the right not to incriminate oneself. *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006) (citing *Boykin v. Alabama*, 395 U.S. 238, 243 (1969)). Therefore, a guilty plea must be entered knowingly, intelligently, and voluntarily. *Id.* A plea is given voluntarily if it arises out of the defendant's own free will and not induced by threats, misrepresentations, or improper promises. *Id.* "A defendant's sworn representation that his guilty plea is voluntary 'constitutes a formidable barrier in any subsequent collateral proceeding.'" *Id.* (quoting *Blackledge v. Allison*, 431 U.S. 63, 73–74 (1977)). An applicant seeking habeas corpus relief on the basis of an involuntary guilty plea must prove his claim by a preponderance of the evidence. *See Ex parte Morrow*, 952 S.W.2d 530, 535 (Tex. Crim. App. 1997).

The record shows that prior to entering his guilty plea, Pena initialed the trial court's various written admonishments, including that: (1) he understood that he was pleading guilty to the charge of indecency with a child; (2) he was in fact guilty of the charged offense; (3) he had sufficient opportunity to consult with his lawyer and discussed "all relevant facts and the law applicable in this case; and (4) he was mentally competent to

enter a plea in the case.[2]   Additionally, in open court, the defendant entered his guilty plea, and stated that he was doing so because he was guilty and did so freely and voluntarily without force.   The trial court then asked Pena whether it should "feel confident of accepting [his] plea of guilty," to which Pena replied "[y]es."   We note that at the plea hearing, however, Pena expressed some confusion about the trial court's question about whether he was pleading guilty voluntarily.   However, after conferring with his trial counsel off-the-record, Pena and his counsel clarified his response by noting that he understood that he was pleading guilty because he was in fact guilty and was under no threats to plead guilty involuntarily.   Furthermore, Pena advised the trial court that it may have been speaking too fast for him to understand the previous questions. The trial court then re-asked whether Pena gave his plea "freely and voluntarily," and Pena again replied in the affirmative.

Based on this record, we hold that the trial court could have concluded that Pena pleaded guilty voluntarily, knowingly, and was not induced by threats, misrepresentations, or improper promises.   *See Kniatt*, 206 S.W.3d at 664.

## 2. Ineffective Assistance of Counsel

Next, we will address whether the trial court abused its discretion in finding that Pena's trial counsel rendered ineffective assistance of counsel.

The two-pronged *Strickland* test applies when a habeas applicant challenges a guilty plea based on ineffective assistance of counsel.   *Ex parte Roldan*, 418 S.W.3d

---

[2] At the plea hearing, Pena's counsel informed the trial court that Pena is "illiterate," and a Spanish-only speaker.   However, Pena's counsel advised the trial court that he read each written admonishment to Pena in Spanish, asked whether Pena understood each admonishment, and Pena replied in the affirmative.

143, 145 (Tex. App.—Houston [14th Dist.] 2013, no pet.). To prevail on his challenge, an applicant must show by a preponderance of the evidence that (1) plea counsel's performance fell below the objective standard of reasonableness, and (2) there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. In evaluating the first prong of *Strickland*, counsel's competence is presumed and the defendant must rebut this presumption by proving that his attorney's representation was unreasonable under prevailing professional norms and that the challenged action was not sound strategy. *Kimmelman v. Morrison*, 477 U.S. 365, 384 (1986). If the appellant fails to prove one prong of the test, we need not evaluate the other prong. *See Strickland* at 697; *Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001).

### a. First Ground

Pena first argues that his trial counsel "failed to adequately explain the State's charges and evidence" to him to make an informed decision about his case, specifically that his trial counsel did not (1) explain his conduct that formed the basis of the State's charge against him; (2) explain that date on which the alleged conduct happened; (3) "discover and explain" to him "statements made by the complainant to medical staff at the time she was evaluated"; (4) explain the results of his psychological evaluation; and (5) the burden of proof in a criminal trial.

As outlined earlier in this opinion, Pena acknowledged and signed off on the trial court's written admonishments, including that he: (1) was charged with indecency with a child that occurred on "November 25, 2000"; (2) understood that he had a right to plead not guilty, and if he did, the State had to prove his guilt beyond a reasonable doubt; (3)

8

had a sufficient opportunity to consult with his lawyer and discussed "all relevant facts and the law applicable in this case," and that he was satisfied with his trial counsel's representation. Furthermore, the record of the plea hearing shows that Pena understood that the State indicted him for indecency with a child, and that his trial counsel explained the contents of the indictment.

The record also shows that the trial court asked Pena how he pled to the charge of "Indecency with a Child that occurred on or about November 24, 2000," to which Pena replied "I am guilty." Pena also signed a judicial confession in which he confessed to committing the offense charged on November 24, 2000, and that his attorney "investigated the facts and circumstances surrounding [his] case, discussed those with [him], and advised [him] of possible defenses." Finally, even if we were to read the results of Pena's psychological evaluation in the same manner as Pena advances in his argument—that is, Pena's "diminished" "thought processes and tactile sensations" could have affected the State's case against him—nothing in this argument rebuts the presumption that Pena's attorney's representation was reasonable under prevailing professional norms, or that not bringing forth the psychological evaluation was not sound strategy in light of the other evidence included in the record, including Pena's judicial confession and voluntary plea of guilt.

Based on the record, we conclude that the trial court was within its discretion to deny Pena's writ on the ground that he failed to establish that his trial counsel's representation was unreasonable under professional norms under his first argument for ineffective assistance of counsel. *See Ex parte Roldan*, 418 S.W.3d at 145.

9

**b. Second Ground**

As a second basis for his ineffective assistance of counsel claim, Pena argues that his trial counsel failed to adequately explain the effects of a coerced or otherwise involuntary/unknowing confession and how he could challenge the confession's admissibility by litigating a suppression motion.

The record shows that Pena's counsel filed a motion to suppress his statement, but the motion was not heard and Pena pleaded guilty six months later.   The record also shows that while the motion to suppress was pending, the State filed its notice to offer into evidence "the recording of the oral statement of the complainant, A.P., which was produced in discovery to Pena and his trial counsel.   Pena's argument on this ground fails for two reasons.   First, the fact that Pena's counsel filed a motion to suppress Pena's statement to police illustrates an awareness of counsel that Pena's confession to police was possibly subject to a suppression challenge, and second, Pena's argument fails to rebut the presumption that not urging a hearing on the motion to suppress was sound strategy, in light of the State's intention to introduce the complainant's statements about the incidents involved in this case, and Pena's ultimate judicial confession and guilty plea.

Accordingly, the trial court was also within its discretion to deny Pena's writ on this ground by finding that Pena failed to show that his trial counsel's performance fell below the objective standard of reasonableness.   *See id.*

**c. Third Ground**

As a final basis for his ineffective assistance of counsel claim, Pena alleges that his trial counsel "gave erroneous advice that [Pena] could not win [at] trial and would go to prison if he pled not guilty."

10

In his writ application affidavit, Pena asserts that his trial counsel told him "that if I did not say I was guilty then I would lose a trial and go to prison." However, this assertion is in direct contradiction to Pena's statements at the plea hearing. Although the record shows that Pena appeared confused by the trial court's questioning about the voluntariness of his plea, the trial court cleared up the confusion, as demonstrated by the following colloquy:

| | |
|---|---|
| THE COURT: | The Court asked you a very important question prior to the recess and that is whether you are voluntarily pleading guilty to Indecency with a Child. |
| THE DEFENDANT: | Yes. |
| THE COURT: | Do you recall that question? |
| THE DEFENDANT: | Yes. |
| THE COURT: | And I need to know, what are you pleading? |
| THE DEFENDANT: | Guilty. |
| THE COURT: | Are you pleading guilty because you are guilty? |
| THE DEFENDANT: | Yes. |
| THE COURT: | Has anyone forced you to plead guilty? |
| THE DEFENDANT: | No. |
| THE COURT: | Are you doing this freely and voluntarily? |
| THE DEFENDANT: | Yes. |
| [DEFENSE COUNSEL]: | For purposes of the record, Your Honor, I spoke to Mr. Pena and I asked him, "Do you understand what the Judge was trying to ask you at the time she asked you?" His response was, "Well I was not sure because she was speaking too fast." |

11

Mr. Pena recognizes and understands there is no way that I have asked him to plead guilty to something he doesn't feel guilty of. And I asked Mr. Pena, "Do you understand in this proceeding you have to do so voluntarily, sir? Not because I am telling you to do it or anyone is threatening you or anything like that. You are pleading guilty because you are truly indeed guilty of this offense. And do you feel you are guilty of this offense?" And he stated to me that he was; that he understood and at first during one of the admonishments you may have been speaking too fast.

THE DEFENDANT:      Yes, and I couldn't catch it.

THE COURT:      So was I talking too fast?

THE DEFENDANT:      Her too.

THE COURT:      Don't listen to me. Listen to the interpreter.

THE DEFENDANT:      Yes.

THE COURT:      Okay. So you understand Mr. Pena, that it is very important to this Court that you are pleading guilty voluntarily and you understand that you are pleading guilty to the offense of Indecency With A Child?

THE DEFENDANT:      Yes.

THE COURT:      So you need to -- I should feel confident of accepting your plea of guilty?

THE DEFENDANT:      Yes.

THE COURT:      So you are doing this freely and voluntarily?

THE DEFENDANT:      Yes.

THE COURT:      All right. Then the Court will accept your plea of guilt and hear from the State.

12

As a result, we hold that the trial court did not abuse its discretion in denying Pena's writ on this final ground by finding that Pena failed to show that his trial counsel's performance fell below the objective standard of reasonableness. *See id.*

### 3. Summary

We conclude that the trial court acted within its discretion in denying Pena's writ application on the basis that he failed to demonstrate by a preponderance of the evidence that his plea was involuntary or unintelligent due to the ineffective assistance of his trial counsel. Furthermore, because Pena failed to prove the first prong of the *Strickland* test, we need not evaluate his claims of prejudice resulting from the purported ineffective assistance of counsel. *See Strickland* at 697; *Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001); *see also* TEX. R. APP. P. 47.1. Pena's third issue is overruled.

## V. CONCLUSION

We affirm the trial court's denial of Pena's application for writ of habeas corpus.

GINA M. BENAVIDES,
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed the
13th day of August, 2015.

13