

# NUMBER 13-16-00462-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## EX PARTE FABIAN GARCIA

**On appeal from the 206th District Court
of Hidalgo County, Texas.**

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Benavides and Longoria
Memorandum Opinion by Justice Longoria**

Appellant Fabian Garcia appeals the trial court's denial of his application for post-conviction writ of habeas corpus pursuant to article 11.072 of the code of criminal procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 11.072 (West, Westlaw through 2017 1st C.S.). Garcia also appeals the trial court's denial of his motions for reconsideration and new trial. By seven issues, which we construe as four, Garcia asserts that the habeas court erred by: (1) denying his motions for reconsideration and new trial; (2) failing to exercise jurisdiction in not giving dispositive rulings regarding the motions for

reconsideration and new trial; (3) denying his petition for habeas relief; and (4) finding that on "19 November 2015, the presiding Judge of the Drug Court signed an order dismissing the criminal action in cause numbered CR-2523-14-D." Without addressing the merits of Garcia's issues on appeal, we reverse and remand.

## I. BACKGROUND

On July 30, 2014, Fabian Garcia was indicted for intentionally and knowingly possessing cocaine in an amount less than one gram, a state jail felony. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115 (West, Westlaw through 2017 1st C.S.). On November 14, 2014, Garcia entered into an agreement with the Hidalgo County District Attorney's Office to be placed on the Drug Court Pre-Trial Diversion Program (PTD). As part of the agreement for entry into PTD, Garcia signed numerous documents including a "Waiver of Rights, Consent to Stipulation of Evidence and/or Testimony & Plea of Guilty or No Contest." Garcia successfully completed PTD and the State filed a motion to dismiss which was granted on November 19, 2015. On June 13, 2016, represented by new counsel, Garcia filed his petition for writ of habeas corpus pursuant to, inter alia, article 11.072. *See* TEX. CODE CRIM. PROC. ANN. art. 11.072.

In his application, Garcia alleged that he received ineffective assistance of counsel. Garcia argued that his trial defense counsel failed to correctly inform him of the exact immigration consequences faced by Garcia before he pleaded guilty. Garcia further contended that his trial counsel failed to properly investigate the circumstances surrounding his arrest to support a contested hearing on defense's motion to suppress. The habeas court held a hearing and ultimately denied Garcia's application. This appeal followed.

2

## II. WRIT OF HABEAS CORPUS

By his fifth and sixth issues, which we construe as issue three, Garcia contends the habeas court abused its discretion by denying his application for habeas corpus relief.

### A. Standard of Review

We review a trial court's denial of habeas corpus relief under an abuse of discretion standard and consider the facts in the light most favorable to the habeas court's ruling. *Ex parte Reed*, 402 S.W.3d 39, 41 (Tex. App.—Houston [14th Dist.] 2013, pet. ref'd). An applicant seeking post-conviction habeas corpus relief bears the burden of establishing by a preponderance of the evidence that the facts entitle him to relief. *Id.* at 41–42. We afford almost complete deference to the habeas court's determination of historical facts supported by the record, especially when those factual findings rely on an evaluation of credibility and demeanor. *Id.* at 42. We apply the same deference to review the habeas court's application of law to fact questions if the resolution of those determinations rests on an evaluation of credibility and demeanor. *Id.* If the resolution of the ultimate question turns on an application of legal standards, we review the issue de novo. *Id.*

The two-pronged *Strickland* test applies when a habeas applicant challenges a guilty plea based on ineffective assistance of counsel. *Ex parte Murillo*, 389 S.W.3d 922, 926 (Tex. App.—Houston [14th Dist.] 2013, no pet.) (citing *Hill v. Lockhart*, 474 U.S. 52, 58, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985)). The applicant must show by a preponderance of the evidence that (1) trial counsel's performance fell below the objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland*

3

*v. Washington*, 466 U.S. 668, 687–88, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *see Murillo*, 389 S.W.3d at 926.

### III. ANALYSIS

Article 11.072 of the Texas Code of Criminal Procedure "establishes the procedures for an application for a writ of habeas corpus in a felony misdemeanor case in which the applicant seeks relief from an order or judgment of conviction ordering community supervision." TEX. CODE CRIM. PROC. ANN. art. 11.072, §1. If the court determines that the applicant is manifestly entitled to no relief, it shall enter a written order denying the application as frivolous. *Id.* §7(a). Otherwise, the court's written order granting or denying relief must include findings of fact and conclusions of law. *Id.*

The legislature intended article 11.072 to be the exclusive means by which trial courts exercise their original habeas corpus jurisdiction in the cases to which it applies. *Ex parte Villanueva*, 252 S.W.3d 391, 397 (Tex. Crim. App. 2008); *see Ex parte Ali*, Nos. 03-10-00206-CR, 03-10-00207-CR, 2010 WL 5376860, at *2 (Tex. App.—Austin Dec. 16, 2010, no pet.) (mem. op., not designated for publication). Here, the trial court's order stated "[t]hus, after reaching the merits of all material issues raised in said filed petition, the court finds that all relief should be denied for the court is unable to fashion or provide Appellant-Defendant any remedy after the indictment pending in CR-2523-14-D was dismissed by court order." The trial court did not find that the applicant was "manifestly entitled to no relief" and deny his application as "frivolous." *See* TEX. CODE CRIM. PROC. ANN. art. 11.072, §7(a). Nor did the trial court include any findings of fact and conclusions of law in its order. *See id.* Therefore, the trial court did not follow the procedures set forth in article 11.072.

4

Insofar as the trial court's order purports to deny issuance of the writ without addressing the merits of the application, it is inconsistent with article 11.072, sections 4(a) and 6, and it does not comply with 7(a). *See id.*; *see also Ex parte Ali*, 2010 WL 5376860 at *2. We hold that the record before us today is factually inadequate to permit us to appropriately determine the merits of Garcia's application. *See Ex parte Hernandez*, 398 S.W.3d 369, 374 (Tex. App.—Beaumont 2013, no pet.) ("An appellate court may remand a habeas proceeding to the trial court for further proceedings if the factual record has not been sufficiently developed.") (citing *Ex parte Cherry*, 232 S.W.3d 305, 308 (Tex. App.—Beaumont 2007, pet. ref'd)); *see also Ex parte Garcia*, No. 13-14-00501-CR, 2016 WL 454997 (Tex. App.—Corpus Christi Feb. 4, 2016, no pet.) (mem. op., not designated for publication). The "courts of appeals should not be forced to make assumptions (or outright guesses)" about the reasons for a trial court's ruling. S*ee State v. Cullen*, 195 S.W.3d 696, 698 (Tex. 2006) (discussing its holding in the motion-to-suppress context). And to hold otherwise would not do substantial justice to the parties in this case. *See* TEX. R. APP. P. 31.2.

Therefore, without addressing the merits of the issues raised in this appeal, we reverse the trial court's order denying Garcia's application for a writ of habeas corpus and remand for proceedings consistent with this opinion. These remand proceedings may or may not include the ordering of additional affidavits, depositions, interrogatories, or a hearing, *see* TEX. CODE CRIM. PROC. ANN. art. 11.072, §6(b), but shall include a written order either denying the application on the grounds that it is frivolous, or a written order granting or denying the application which includes findings of fact and conclusions of law as required by statute. *Id.* Following proceedings on remand, should either party desire

to appeal the trial court's order, new notices of appeal will be required. *See Ex parte Cherry*, 232 S.W.3d 305, 308.

## IV. CONCLUSION

We reverse the trial court's denial of Garcia's application and remand for further proceedings consistent with this opinion.

NORA L. LONGORIA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
29th day of March, 2018.