75,120-02

September 16, 2015

Derrick McDaniel
TDCJ No. 1604271
Estelle Unit
264 FM 3478
Huntsville, TX 77320

Clerk of the Court of Criminal Appeals
P.O. Box 12308
Austin, Texas 78711-2308

Re: WR-75,120-02; Trial Court No. 2008-CR-2749-W2.

Dear Clerk:

Please find enclosed General Traverse for the purpose of filing
and attachment to its respective habeas corpus submission.
Thank you for your time & effort in this matter.

Respectfully submitted,

Derrick McDaniel

cc: file

RECEIVED IN
COURT OF CRIMINAL APPEALS

SEP 21 2015

Abel Acosta, Clerk

[ 1 of 1 ]

| | | |
|---|---|---|
| EX PARTE | § | IN THE |
| | § | |
| DERRICK MCDANIEL | § | COURT OF CRIMINAL |
| | § | |
| APPLICANT | § | APPEALS OF TEXAS |

## GENERAL TRAVERSE

TO THE HONORABLE JUDGES OF SAID COURT:

Comes now Derrick McDaniel, applicant in the above styled and numbered case to give response to the trial court's findings of fact and conclusions of law.

Applicant hereby enters a general denial of allegations and misconstructions setout in "Findings of Fact and Conclusions of Law" submitted to this Court by State's 399th trial court and criminal district attorney. Applicant maintains that his §11.07 writ of habeas corpus submission specifically delineates State's violations of his constitutional rights.

Though submitted May 1, 2015, Applicant McDaniel received no response to his motion for appointment of counsel to represent him in trial court initiated proceedings of "Findings of Fact and Conclusions of Law." As such, much like his bench trial proceedings, the trial court's findings of fact and conclusions of law proceedings were conducted without a legal representative, an appointed attorney to oversee and protect Applicant McDaniel's interests and constitutional rights from further abuse.

This traverse is intended as a blanket denial of allegations

-1-

or misconstructions submitted by the State and/or trial court. Nonetheless, Applicant discerns a need for specific objectionary denial regarding some, but not all, of trial court's submission of findings of fact and conclusions of law in which Applicant does not agree. Accordingly, Applicant McDaniel applies sound reasoning, logic, and principles of law in the following elucidations:

[1.] The trial court's "Findings of Fact" regarding habeas corpus issues and response by defense counsel Marc LaHood were all findings of fact from a previously submitted §11.07 habeas corpus which was procedurally dismissed by this Court's clerk for noncompliance, in accordance with Texas Rule of Appellate Procedure 73 (see Writ No. WR-75,120-01). As such, the trial court's submitted findings of fact are irrelevant to the habeas corpus at hand (Writ No. WR-75,120-02). The trial court's findings of fact does not even attempt to address the facts or issues of the instant habeas corpus submission.

The trial court's findings of fact heavily relies on an old affidavit submitted by Applicant's trial counsel, Marc LaHood, in a previous findings of fact & conclusions of law from a previous §11.07 habeas corpus submission which lacks credible merit for reasons as follow:

(a.) The statements in the affidavit cannot be substantiated. In fact, the instant habeas corpus contains an affidavit by Disa Brown which refutes Marc LaHood's affidavit statement that he spoke with her regarding McDaniel's case (see Memorandum Exhibit #5 pg.2).

-2-

(b.) Counsel's affidavit states: "...he [Marc LaHood] did not present the court with a confession by Applicant's twin brother, Frederick McDaniel, for several reasons." This Court should note: First. Marc LaHood was contracturally retained to represent Derrick McDaniel. However, not Marc LaHood, but his brother Nicholas "Nico" LaHood (the residing Bexar County Criminal District Attorney), whom, though not a same-law-firm associate, bartered the plea bargain between the State & Derrick McDaniel. Second. Marc LaHood was a "no-show" at Applicant's bench trial. Andrew Del Cueto appeared in his stead. And, Andrew Del Cueto did in fact present the third party confession of Frederick McDaniel (see Memorandum Ground #1 pp. 10-18; Ground #2 pp. 19-28). It's this severe lacking of legal representation which brings about, in part, Applicant's assertion of ineffective assistance of counsel. United States v. Cronic, 466 U.S. 648, 104 S.Ct. 2039 (1984). (see Memorandum Ground #5 pp. 38-50).

[2.] Trial court's Conclusions of Law (No.4 pg.5) asserts that Applicant is arguing sufficiency of the evidence in his habeas corpus submission at hand. Applicant disputes this assertion and maintains that the issue of argument was specifically that the State had "no evidence" to support a charge of kidnapping. Applicant's Ground #4 merely delineates sound reasoning as to what constituted "no evidence" in his case. Accordingly, an allegation of "no evidence" is cognizable on a writ of habeas corpus because it results in a violation of due process. Ex parte Murchison, 560 S.W.2d 654, 656 (Tex.Crim.App. 1978); Ex parte Moffett, 542 S.W.2d 184, 186 (Tex.Crim.App. 1976). Even

-3-

when the applicant pleaded guilty, as in the case at hand, if there is no evidence to support the conviction, relief should be granted, the judgment vacated, and a judgment of acquittal rendered. Ex parte Perales, 215 S.W.3d 418, 420 (Tex.Crim.App. 2007). Certainly the record is clear that McDaniel was denied due process.

## CONCLUSION

Applicant McDaniel maintains that given a fair reading his habeas corpus & memorandum submission accurately reveals the truth of a miscarriage of justice and wrongful conviction.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Applicant McDaniel respectfully prays that this Court grants his habeas corpus requested reversal of conviction and remand for new trial proceedings.

Date: September 16, 2015

Respectfully submitted,

_Derrick McDaniel_
Derrick McDaniel

## DECLARATION

I, Derrick McDaniel, TDCJ No. 1604271, being presently incarcerated in Texas Department of Criminal Justice--Institutional Division, Estelle Unit, in Walker County, Texas, declare under penalty of perjury that the foregoing is true and correct.

Date: September 16, 2015

By: _Derrick McDaniel_
Derrick McDaniel
TDCJ No. 1604271

-4-

## CERTIFICATE OF SERVICE

I, Derrick McDaniel, do hereby certify that a true and correct copy of the foregoing General Traverse was mailed with sufficient postage to the Criminal District Attorney, Bexar County, Paul Elizondo Tower, 101 W. Nueva, 7th Fl., San Antonio, Texas, 78205.

Date: September 16, 2015

By: _Derrick McDaniel_

Derrick McDaniel
TDCJ No. 1604271
Estelle Unit
264 FM 3478
Huntsville, TX 77320